By the Court.—Dugro, J.
The action is for damages for personal injuries sustained in consequence of the negligence of the defendant. The injury alleged was, in part, of plaintiff’s arm. A physician who had attended the plaintiff testified in her behalf, that when he last examined her arm she had persistent pain on motion. Defendant’s request to strike out this testimony upon the ground that it involved the assumption that there was pain “now,” was properly denied. A fair interpretation of the answer shows that it did not involve the assumption claimed.
- A question put on behalf of the plaintiff was, “You examined her (plaintiff) a few days ago and she told you while you were examining her that she was suffering from pain in that arm?” This question was objected to upon the ground that the witness could not testify as to the plaintiff’s having pain, and upon the ground that it involved an assumption that there was pain “at the present time.” The question was not objectionable upon the grounds stated. ' The answer was unobjectionable, except as not responsive.
' A question as to the permanency of the injury was objected to as not having been alleged in the complaint.This objection was properly overruled, as there was no necessity for such an allegation in the complaint. Curtiss v. The Rochester & Syracuse R. R. Co., 20 Barb. 282 ; affirmed, 18 N. Y. 534.
The exclusion of defendant’s proffered evidence as to the extent of the injury to the car in which the plaintiff was a passenger, was proper, for the extent of the injury to the car, of itself, had no relevancy to the plaintiff’s injuries or the force of the collision described by the plaintiff.
I have examined the other exceptions in the case and find none of value. The judgment and order should be affirmed.
Sedgwick, Ch. J., concurred.