## Village of Ava v. A. T. Grenawalt.

1. INSTRUCTIONS—*Abstract Propositions of Law—Harmless Error.*—It is not reversible error to give an instruction in the form of an abstract proposition of law, in a case where the undisputed evidence shows the plaintiff guilty of gross negligence as the cause of the injury complained of and that the person injured was without fault.

2. PLEADING—*In Personal Injury Cases—Permanent Injuries.*—A declaration in an action for personal injuries need not contain an averment charging a permanent injury to warrant the admission of evidence tending to prove such injury.

3. PERSONAL INJURIES—*Necessity for Medical Treatment.*—The mere existence of a personal injury proves the necessity and lays the foundation for the introduction of evidence of medical treatment.

**Trespass on the Case,** for personal injuries.  Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1897.  Affirmed.  Opinion filed March 1, 1898.

*Instructions Referred to in the Opinion of the Court.*

3. The jury are instructed, as a matter of law, that any person traveling upon a sidewalk of a city or village, which is in constant use by the public, has a right, when using the same with due diligence and care, to presume and to act upon the presumption that it is reasonably safe for travel throughout its entire width, and free from all dangerous holes, obstructions and other defects.

7. It is the duty of the village to use all reasonable care and vigilance in the selection of its agents and servants, in keeping the sidewalks in good repair and free from obstructions, and to retain control and superintendence over them in the performance of their duties, and to enforce such measures of care and vigilance as will guard the public against exposure to injury, so far as this can reasonably be done.

10. The court instructs the jury that the duty to construct, repair, and keep in a reasonably safe condition its sidewalks, rests primarily upon the corporation, and its obligation to discharge it can not be cast upon others by any act of its own.

11. The court instructs the jury that a person is not bound to abandon a sidewalk and pass around along the street merely because he knows the sidewalk is defective.

14. The court further instructs the jury that if you find the defendant guilty, then in assessing the plaintiff's damages you should take into consideration the expenses incurred by him in being cured of his injuries, if any are shown, the value of his time lost, if any is shown by the evidence in consequence of his injuries, and a fair compensation for his physical pain and suffering, and any permanent disability (if any is shown by the evidence), and give him such an amount, as

damages, as you find from the evidence he has sustained, if any.

15.   If from the evidence you find defendant guilty, that in assessing damages for the injury, if the evidence shows any has been received by the plaintiff, you are not confined to consider the direct expense the plaintiff incurred, if any is proved, but you may also consider the value of the loss of time, if any is shown by the evidence in consequence of the injury, and a fair compensation for his physical pain and suffering, if any is shown, and if the evidence shows that the plaintiff has received an injury which is permanent or likely to exist for a great length of time, you may give damages for the future as well as the present disability, to such an amount as the evidence shows he has sustained, if any.

S. W. TREESH and R. J. STEPHENS, attorneys for appellant.

JOHN M. HERBERT and HILL & MARTIN, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against appellant, commenced and prosecuted to judgment in the Circuit Court of Jackson County. Trial was by jury. Verdict and judgment for appellee for $1,000. Appellant duly excepted and appeals the case to this court.

Appellee lived in the country about one mile south of the village of Ava in Jackson County, Illinois. Across the sidewalk on Davis street, one of the public streets of said village, and in a frequented part of the village, was a log about twenty feet long, about a foot thick at one end and six inches thick at the other. This obstruction had remained there for two or three

weeks prior to the injury complained of. On the evening of September 30, 1896, after dark, appellee went to the village on business, and in walking along the sidewalk on said street went against the log and fell, "end over," and struck the edge of the sidewalk, falling on his right hand, causing a serious injury of his right wrist. There was no light in the vicinity of the obstruction nearer than two hundred and seventy feet. Appellee was forty-one years old and a laborer by occupation. He suffered great pain from the injury, contracted a surgeon's bill of. $25 for treatment, was entirely unable to work for a considerable time, had not entirely recovered at the time of the trial. Judging from the weight of the evidence, he had sustained a Colles or Barton's fracture, and will probably never fully regain the strength and use of his wrist as it was before the injury. Appellant had actual, as well as constructive, knowledge of the obstruction long before the injury, and appellee had no knowledge of it until, in the dark, he had fallen over it and was injured.

Appellant urges as grounds for reversal: That it was surprised on the trial by the testimony of Dr. Cox, that the court excluded proper evidence offered by appellant, that the court admitted, over appellant's objection, improper evidence on behalf of appellee, that the court gave improper instructions on behalf of appellee, and that the damages are excessive.

True, the declaration does not in terms charge a Colles or Barton's fracture, but it does charge that appellee's right wrist and hand were greatly sprained, hurt and injured, which is entirely sufficient to admit the testimony of Dr. Cox, and all he said about Colles or Barton's fracture. If appellee's counsel were misled by what other physicians had told them, there is nothing in this record to warrant charging appellee with that.

Appellant offered to prove that on the occasion of the injury appellee might, by going by way of certain other streets, have traveled over streets free from obstruction, and complains of the court's refusal to admit this testimony. Under the undisputed facts of this case such testimony was not proper.

Appellant's counsel insist that the statement of Mr. Boyd and the opinions expressed by Drs. Davis and Cox ought not to have been admitted. Appellee testified over appellant's objection that he met Mr. Boyd immediately after the injury and told him he had just fallen over that pole and hurt himself pretty badly, and Boyd said, "Yes, that is a dangerous obstruction and ought to have been removed long ago." Mr. Boyd was one of the village trustees, and this statement by him tended to prove that appellant had actual knowledge of the obstruction.

While a part of Mr. Boyd's answer was not strictly competent, it was harmless, for the fact that the obstruction existed and that it was dangerous is not contested, neither is the fact of notice on the part of appellee contested.

Both Drs. Davis and Cox fully qualified as experts and were competent to give opinions concerning the character and extent of the injury, as permitted. There was no error in admitting their testimony.

Appellant contends that the court erred in giving on behalf of appellee the third, fifth, seventh, eighth, ninth, tenth, eleventh, fourteenth, and fifteenth instructions.

The third, seventh, tenth and eleventh are in form of abstract propositions. Whether or not they or any of them would be law in any case, would depend upon the issues and evidence in the particular case, and upon the proper limitation and application of the principles they attempt to express. Under the issues and evi-

dence in this case they have no proper place. The fifth, eighth and ninth are repetitions, in substance, of the same proposition which ought not to be permitted in a series of instructions, but all these errors did appellant no injury, for appellee's right to recover was really not disputed. The undisputed evidence shows that the village was guilty of gross negligence, which caused appellee the injury complained of, and that appellee was without fault. The only contest made on the trial was as to the extent of the injury.

The principal objections urged against the fourteenth and fifteenth are that they do not limit the expense incurred by appellee for treatment for the injury to the necessary and reasonable expenses, and that the jury were allowed to consider the question of permanent injury in assessing damages.

As to the element of expense incurred for treatment, the instructions are defective in the respect charged against them, but they do limit that item to the amount shown by the evidence. The evidence shows that $25 was the amount incurred, that it was a reasonable charge for the treatment received, and the mere existence of the injury proves the necessity for treatment. Neither the necessity for treatment nor the reasonableness of the charges for the same, are in any manner disputed or contested.

The second objection urged against these instructions is not well taken. It is not necessary that a declaration shall contain an averment charging permanent injury, to warrant the admission of testimony tending to prove such injury, and the giving of an instruction directing the jury to consider such injury, if shown by the evidence in assessing damages. City of Chicago v. Michael Sheehan, 113 Ill. 658.

The manner of receiving the injury, the description of it as given by Drs. Stout and Davis, and the testi-

mony of Dr. Cox, show almost conclusively to one at all informed upon the subject that the injury is Colles or Barton's fracture.    The testimony abundantly tends to prove permanent injury.

The jury were most fully and liberally instructed on behalf of appellant as to measure of damages:

"In an action against a city or village, for damages for an injury resulting from an accident occasioned by the negligence of the city or village in failing to keep its streets or sidewalks in a reasonably safe condition, the only damages which can be awarded in any event, and the only damages which the jury are authorized to award, is such an amount in money as in the judgment of the jury would be reasonable and just compensation for the actual injury sustained, under all the circumstances attending the injury, as disclosed by the weight or preponderance of the evidence.    The circumstances attending the accident, from which the injury resulted, are not to be considered by the jury in fixing the amount of the damages, even where the verdict is for the plaintiff; nor should the jury consider the circumstances or relations of the parties to the suit. The mere fact that a city or village is the defendant, does not authorize the allowance of greater damages than would be reasonable and just compensation for the injury actually sustained were the defendant a private person."

While there is error in this record, yet as to the only contested issues in the case (the extent of the injury and incident thereto the proper amount of damages), the record is free from prejudicial error; and we find nothing to warrant a conclusion that the amount of damages awarded by the jury in their verdict is the result of mistake, prejudice, passion, or other improper motive.

Upon the whole case in our opinion substantial justice has been done.

The judgment of the Circuit Court is affirmed.