### SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. WILLIAM WEIGERS.

#### Decided December 20, 1899.

**1. Charge of Court Upon Issue Not Made.**

A charge announcing a principle of law which, though abstractly correct, is inapplicable to any phase of the case as made by the pleadings and evidence, is reversible error, if calculated to mislead the jury, and is presumed to have operated injuriously unless the contrary appears from the record.

**2. Railway Company—Vice-Principal—Authority of Foreman.**

Where the evidence showed that a certain person was acting as bridge foreman, and that plaintiff, at the time of his injury, was receiving and obeying orders from him as such, it was not error for the charge of court to treat him as the company's vice-principal.

**3. Damages for Personal Injuries—Measure.**

The jury may consider, in estimating damages for personal injuries, the consequent mental and physical suffering, as well as the future diminished earning capacity of the person injured, and compensation for the former should not be limited to suffering endured before the trial.

**4. Same—Specific Allegation of, Not Necessary.**

Damages for future and permanent effect of personal injuries which necessarily result to plaintiff are recoverable under the general ad damnum clause, and need not be specifically alleged.

**5. Charge of Court—Request for as Estoppel.**

Error in the charge into which counsel for a party has led the court by requesting a similar charge, can not be complained of by such party.

**6. Damages for Personal Injuries—Pleading.**

In an action for personal injuries, plaintiff may prove a resultant loss of bodily weight, though this be not averred in his pleadings.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Denman, Franklin, Cobbs & McGown,* for appellant.

*Perry J. Lewis* and *H. C. Carter,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is an action brought by appellee against appellant for damages on account of personal injuries alleged to have been inflicted by the negligence of the latter upon the former.

Plaintiff alleged in substance, as his cause of action, that while he was repairing a bridge under the direction and control of defendant's foreman, the foreman negligently caused the earth to be dug away from the embankment until it was twelve feet high, and nearly perpendicular; that by the side of the embankment where a heavy piece of timber had been raised and placed upon heavy posts, said foreman negligently directed plaintiff, who was below said embankment, to steady said posts; that while he was engaged in obedience to said order, the foreman negligently went on the embankment, and there negligently endeavored to bolt or fasten said timbers; that by reason of said foreman negligently going upon the embankment, and so negligently attempting to bolt or fasten the timbers, the embankment caved in, and the pieces of timber, together with the earth, were violently thrown against plaintiff, striking him across the breast, stomach, and abdomen and arm and hand, and grievously injuring him.

He further alleged that the foreman was negligent in the manner in which he ordered the work to be done, in that the usual and safer method would have been to have bolted or fastened the piece of timber to the posts before they were raised, and that to attempt to bolt or fasten said timber to the posts after they were raised was an unusual way of doing the work, and attended with greater danger than the ordinary method; that plaintiff was below said embankment doing the work he had been commanded to do, ignorant of the impending danger which the negligence of said foreman precipitated, and was in the exercise of all due care for his safety, and had not in any manner assumed any of the risks which culminated in his injury.

That by reason of the timber and earth falling upon him, his left arm and hand were so badly injured as to be well nigh useless; that the blow across his breast and abdomen has injured him internally; that his heart has been affected, enlarged, and misplaced by said blow, and internal injuries inflicted upon his stomach, sides, and spine; that by reason of said injuries he was confined to his bed for many weeks, and suffered great mental and physical pain and loss of time, and that all of the said injuries are lasting and permanent.

That before his injuries plaintiff was a strong and healthy man, able to earn the sum of $2.50 per day, but that now, by reason of said injuries, he is unable to work, and for the balance of his life will be an invalid, unable to earn his living by labor, and he has thereby been damaged in the sum of $20,000.

The defendant answered by a general denial and special pleas of contributory negligence and assumed risks.

The cause was tried before a jury, and resulted in a verdict and judgment for $10,000 in favor of plaintiff, from which the defendant has appealed.

In the third paragraph of the charge the court instructed the jury: "It is the duty of a railroad company to use ordinary care to furnish its em-

ployes with a reasonably safe place to do the work required of them; and for any failure to perform this duty which proximately causes injury to one of its employes, it would be liable in damages."

It is complained by appellant of this charge that it submits an issue not raised by the pleadings, as well as a principle of law inapplicable to cases of this character. It is evident from the allegations in his pleadings that the appellee did not intend to base his action upon the negligent failure of appellant to furnish him a safe place to do the work in hand. It is equally apparent from the cause of action stated and the evidence adduced to sustain it, that the principle announced in the charge has no application to this case.

In the case of Allen v. Railway, 14 Texas Civil Appeals, 346, it is held, upon ample authority, by this court, that the rule that "ordinarily the master owes his servant the duty of inspection or reasonable care in furnishing him safe and suitable means for performing his work," has no reference to the safety and condition of the thing the servant is employed to repair or complete.

But it is answered by appellee that the part of the charge under consideration is merely the statement of an abstract principle, without being anywhere in the charge sought to be applied to the evidence, and not calculated to injure the appellant.

It is error for the court to give a charge containing abstractly a correct principle of law, which is inapplicable to any phase of the evidence, and if such charge is calculated to mislead the jury, it is reversible error. Railway v. Warner, 88 Texas, 647. An erroneous charge is presumed to have operated to the injury of the party against whom given, unless the contrary appears from the record. Emerson v. Mills, 83 Texas, 388; Railway v. Greenlee, 62 Texas, 394.

The purpose of a charge is to inform the jury of the law applicable to the case, and it is natural for them to suppose that when it announces a principle it is applicable, or it would not be given. Being led from its very nature to think the charge applicable, a jury, in their desire to find a verdict according to the law and evidence, may be presumed to have given it effect. If they considered and sought to apply it to the facts, they could have reached their verdict by this process of reasoning: "The evidence shows that plaintiff was an employe of defendant, who is a railroad company; the company, from the evidence, did not use ordinary care to furnish him a reasonably safe place to do the work required of him; its failure to perform this duty was the proximate cause of plaintiff's injury; and therefore defendant is liable in damages." If they arrived at their verdict in this manner, and we can not say they did not, it was from the consideration of a principle of law given in charge wholly foreign to the nature of the case.

The fifth subdivision of the charge is: "If a railroad company vests one of its employes with authority of superintendence, control, or command over other of its employes, or with authority to direct such employes in the performance of their duty, such employe vested with such superin-

tendence, control, or command or authority to direct, is not a fellow servant with those over whom he has such superintendence, control, or command or authority to direct, but is a vice-principal; and the company would be liable for any negligence of such vice-principal which might proximately produce injury to any of the employes over whom he had such superintendence, control, or command or authority to direct."

The complaint made of it by appellant is that there was no evidence that the defendant railroad had vested any of its employes connected with the accident with authority, superintendence, control, or command over plaintiff; or with authority to direct him in the performance of any duty connected with the work from which the accident occurred.

This objection is from either a misapprehension of the facts or a misconception of them.   The evidence is undisputed that when appellee's injury was inflicted he was at work repairing a bridge under the direction and control of appellant's bridge foreman, from whom he and his colaborers received and obeyed orders in doing their work.   This certainly was evidence of the representative capacity of the bridge foreman, Rickards, as the vice-principal of appellant, and, in the absence of testimony to the contrary, proof of it.   It can not be said that a man exercising authority or control of a railroad's employes in doing its work, who is recognized by such employes as their foreman and representative of their master, when his representative capacity is not denied by the company, is not in respect to that transaction the railroad's vice-principal.   It as well might be said that a conductor in charge of a train, who directs its movements, who gives orders to and is obeyed by its crew, the fruits of whose service are enjoyed by the railroad, must be shown by direct proof to have received his authority from the company's board of directors, or general manager, before he can be considered its vice-principal.

A charge which assumes one, not shown by the evidence, to be the representative of the principal is erroneous.   Railway v. Brentford, 79 Texas, 619.   But when, as in this case, the proof of such representative capacity is full, and the evidence of it uncontradicted, it may be assumed in the charge, as can any other uncontroverted fact.   Therefore, the objections urged under appellant's third assignment to the sixth subdivision of the court's general charge are untenable.   Besides, the appellant in a special charge, which was given at its request, assumes that Rickards was its vice-principal.   "If," as is said in Railway v. Sein, 89 Texas, 63, "in the course of a trial counsel requests the court to give an instruction, which is refused, but which in whole or in part is embraced in the charge of the court, neither the counsel nor the party for whom he acts can question the correctness of the charge given by the court so far as it conforms to the request made."   When the charge requested is given, and is in perfect accord with the general charge, the reason for concluding the party by it is perhaps stronger than if it had been refused.

The special charges asked by appellant upon the measure of damages, the failure of the court to give which is complained of in the fourth, fifth, and sixth assignments, were properly refused.

The court in its general charge, upon the measure of damages, instructed the jury as follows: "If you find for the plaintiff, you should allow him such sum as you believe from the evidence will compensate him for the injury sustained, if any, and in estimating his damages you should take into consideration the mental and physical suffering, if any, consequent upon the injury received, if any, and if you believe from the evidence that the injuries, if any, are permanent and will disable him for labor in the future, you should, in addition to the above, find such sum as will be a fair compensation for his diminished capacity, if any, to labor and earn money in the future." Substantially the same charge has been approved in a number of cases. Railway v. Waldo, 32 S. W. Rep., 783; Knittel v. Schmidt, 16 Texas Civ. App., 7; Railway v. Brown, 16 Texas Civ. App., 93.

But it is objected to this charge "that the court, having at the instance of defendant instructed the jury that plaintiff could not recover for mental and physical suffering after the date of the trial, erred in informing the jury that they could allow generally for such mental and physical suffering, which would include such as might occur after the trial, thus giving two contradictory charges." We think that the special charge referred to limits the general charge as to damages for physical and mental suffering to such as occurred before the trial, and is a qualification of rather than in conflict with it. But, however this may be, we deem it proper to say, in view of another trial, that the special charge limiting the recovery of damages for mental and physical suffering to such as occurred before the trial, is erroneous, and should not have been given. Under the general allegation of damages in the petition, the plaintiff was entitled to recover for all the injuries which necessarily result from the negligence complained of, and it was unnecessary to specify them in the pleadings. Damages for future and permanent effect of injuries which necessarily result to the plaintiff are recoverable under the general ad damnum clause, and need not be specifically alleged. 5 Enc. of Pl. and Prac., pp. 748, 749; Suth. on Dam., 1242, 1244; Railway v. Goldman, 51 S. W. Rep., 275; Ava v. Grenwalt, 73 Ill. App., 633; Treadwell v. Whitten, 80 Cal., 574; Bradbury v. Benton, 69 Me., 199; Lynch v. Railway, 63 N. Y. St. Rep., 431; Rosvelt v. Railway, 13 N. Y. Supp., 598; Railway v. Harris, 122 U. S., 597; Ehrgott v. Mayor, 96 N. Y., 264.

Again, one who leads a trial court into the commission of an error can not complain of it. Belcher v. Railway, 92 Texas, 599; Gooch v. Anderson, 13 Texas Civ. App., 83. Upon another trial it might, however, be well to so frame the charge upon the measure of damages as to place it beyond the doubt of the most fastidious mind that "double damages" are excluded by it.

It is complained in the ninth assignment that the court erred in permitting the plaintiff to testify, over appellant's objections, that prior to his injury he weighed from 150 to 165 pounds, and at the trial he weighed only 137,—the objections being "that it was not relevant to any issue in the case, and calculated to prejudice the defendant's case before

the jury by enlisting their sympathy in favor of plaintiff, there being no charge in the petition that the injuries alleged to be recovered by him resulted in loss of weight, and it not being the natural consequence of such injuries."

The issues raised by the pleadings went to the nature and extent of appellee's injuries. While the pleadings did make the loss of his weight a specific element of damages, it does not follow that evidence of that fact was not admissible, if it affected in any measure the decision of other issues. Railway v. De Ham, 53 S. W. Rep., 375. It can not be said that the evidence did not tend to establish a serious physical condition produced by the injuries alleged to have been inflicted by appellant. That was a question for the jury.

The testimony complained of in the tenth assignment was pertinent to the issue, and to render it admissible it was not necessary to plead it. Railway v. De Ham, supra.

The remaining assignments complain of the failure of the court to grant appellant's motion for a new trial. As the judgment of the court below will be reversed, they need not be considered.

Because of the error first indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*