## McCALL v. FRENZEL.
### No. 966.

Court of Civil Appeals of Texas. Waco.

Nov. 13, 1930.

E. A. Wallace, of Cameron, for appellant.

Terry Dickens, of Marlin, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant to recover damages which he claims to have suffered by reason of having his car wrecked in an automobile collision. The cause was tried to the court and resulted in judgment being entered for appellee. The trial court filed his findings of fact and conclusions of law. The material facts as found by the court are that appellee had purchased a new Ford for the price of $825. A friend was driving appellee home in said car on the initial trip when the collision occurred. Appellee was going south on the public highway, and a large oil truck with a trailer was going north. As appellee and the oil truck were passing, appellant, who was driving his car north behind and going the same direction of the oil truck, attempted to pass the oil truck and met appellee almost even with the oil truck. In attempting to go between appellee's

car and the oil truck, appellant hit appellee's front wheel and jerked appellee's car into the middle of the road, where it was struck and completely wrecked by another car following close behind appellant's car and going in the same direction. Appellant, at the time, was driving between forty and fifty miles per hour. As a result of the collision appellee's car was damaged $475, for which the court entered judgment.

■■ Appellant presents only two propositions, which, as we understand, present practically the same contention; namely, that it was appellee's negligence rather than his that caused the collision, appellant's contention being that appellee could see that he (appellant) was passing the oil truck, and that appellee should have slowed down to permit him (appellant) to get by said oil truck before appellee passed same, or that appellee should have turned further to the right-hand side of the road and thereby have given him (appellant) room to pass between appellee's car and the oil truck. We overrule these propositions. It was a question for the trial court to determine whether the collision was the result of an unavoidable accident or whether it was the result of the negligence, either in whole or in part, of appellee. The trial court found that the collision was occasioned by the negligence of appellant in attempting to pass the oil truck at the high rate of speed he was driving and in attempting to pass between the truck and appellee's car, and that such negligence was the proximate cause of the damages. We think the facts fully support the trial court's finding.

■ Article 790 of the Penal Code provides that persons operating motor vehicles shall, while passing other motor vehicles or persons, drive same at such a rate of speed as will not endanger other persons or property on the highway. Subdivision (A) of article 801 of the Penal Code provides that, when two vehicles are passing each other in opposite directions on the highway, they shall have the right of way, and that no other vehicles to the rear of either of them shall pass or attempt to pass such vehicles. Appellant testified that, as he was attempting to pass the oil truck, he saw appellee, and, if appellee had slowed down sufficiently, he would have gotten by the oil truck before the collision occurred. He had the same opportunity to see appellee that appellee had to see him. Under the plain provisions of the "law of the road," as laid down in article 801 of the Penal Code, appellee had the right to expect that appellant would not attempt to pass the oil truck when he (appellee) was approaching and passing said oil truck going in the opposite direction.

■ While the trial court made no specific finding that appellee was not negligent, clearly the implied finding by the court was to that effect, and we think the evidence abundantly supports same. Appellee was driving on his side of the road, and, in order to avoid the collision, under appellant's testimony, appellee had gotten entirely off the cement portion of the road and over on the right-hand side, and, from appellee's testimony, the driver was doing all he could to avoid the collision. From the testimony of the driver of appellee's car, he used due and reasonable diligence, after he saw appellant was attempting to pass the truck and go between it and appellee's car, to prevent the collision. Unquestionably, from the record, appellant was negligent in attempting to pass the oil truck and in doing so go between it and appellee's car.

The judgment of the trial court is affirmed.