**ALLEN et al. v. DENK et al.**

No. 8123.

Court of Civil Appeals of Texas. Austin.

Oct. 9, 1935.

D. A. Frank and W. P. Bondies, both of Dallas, for appellants.

C. C. Jopling, of LaGrange, and Durell Miller, of Yoakum, for appellees.

BAUGH, Justice.

Suit was by Mrs. O. G. Frels, individually and as executrix of the estate of O. G. Frels, deceased, and as next friend for her minor children, against Bruno Denk, for damages, because of the death on September 15, 1932, of O. G. Frels, resulting from a collision between a Ford car driven by Frels, and a truck loaded with gravel driven by Denk on a state highway in Fayette county, Tex. Denk denied liability for such injuries, alleged that same were caused by the negligence of Frels, and by cross-action sued Mrs. Frels as independent executrix of Frels' estate, for damages for personal injuries to himself and damages to his truck resulting from said collision. Subsequent to filing said suit Mrs. Frels married W. H. Allen, and the pleadings were amended to show such change of name. The case was tried to a jury, and at the close of the evidence the court instructed a verdict in favor of Denk on Mrs. Allen's suit against him; and submitted to the jury only the amount of Denk's damages. That is, in effect, instructed a verdict in favor of Denk on his cross-action, leaving to the jury only the amount of the damages. In answer to these issues, the jury found Denk's damages, both for personal injuries and to his truck, to be in the aggregate sum of $8,-630, and judgment was rendered in favor of Denk against Mrs. Allen, as executrix of the estate of O. G. Frels, accordingly. From said judgment, this appeal is prosecuted. Subsequent to its rendition, Denk filed a remittitur of $2,000, which remittitur is brought forward in the transcript.

The first contention of appellant, variously raised, is that the trial court erred in holding that Frels was guilty of negligence as a matter of law. We have carefuly read the entire statement of facts and find no error in this. While there were some discrepancies in the testimony of the several witnesses as to distances and the rates of speed of the vehicles involved, the following material facts were shown without any substantial conflict: Frels was returning from LaGrange to Goliad on highway No. 73 a few miles out of LaGrange, when the collision occurred. At that point the highway ran northeast and southwest. Frels was going southwest. Many trucks were then being operated over the highway hauling gravel for highway construction, the empty trucks at this point traveling southwest, and the loaded trucks, of course, traveling in the opposite or northeasterly direction. Frels had been running behind two empty trucks. In ascending a rather steep hill on the road, and just before reaching the crest of it, at a distance variously stated by witnesses as being from 45 feet to 135 feet from the top of the hill, Frels pulled out from behind the truck ahead of him, over onto his left-hand side of the road, and undertook to pass around such truck at a point just below the crest of the hill. At the same

time Denk, driving his own truck loaded with gravel, came over the crest of the hill, going northeast. Denk, who was driving on his right-hand side of the road, upon discovery of the approach of Frels on the latter's left-hand side of the road, pulled his truck to the right, almost to the ditch on that side, and applied his brakes. Just before he could bring it to a stop the collision occurred, about opposite the empty truck which Frels was attempting to pass. The pavement at this point was about 18 feet wide with gravel shoulders of a few feet wide betwen the pavement and the ditches on the sides. The empty truck which Frels undertook to pass was on its right-hand side of the road. The left front wheel of Frels' car struck the left front wheel of Denk's truck. At the point of collision the front wheels of Denk's truck were entirely off the pavement and the left rear wheel almost off. We think it conclusively appears that Frels was driving at a speed in excess of 45 miles per hour at the time, and had pulled over onto his left-hand side of the road, where the collision occurred, at a place and time where and when his unobstructed view ahead was less than 150 feet. Under these circumstances, he was violating both the speed limit prescribed by law (Acts 1929, c. 42, § 18, as amended by Acts 1931, c. 282, p. 507, § 9); and the law of the road (article 801, P. C.); and was clearly guilty of negligence as a matter of law. McCall v. Frenzel (Tex. Civ. App.) 32 S.W.(2d) 965; Texas Co. v. Betterton (Tex. Civ. App.) 56 S.W.(2d) 663. The verdict instructed by the trial court as to the suit by plaintiffs against Denk was, therefore, correct.

█ Under the circumstances, it was not error for the trial court to refuse to submit to the jury the issue of unavoidable accident. "An unavoidable accident can occur only in the absence of negligence." See Beaumont S. L. & W. Ry. Co. v. Schmidt, 123 Tex. 580, 72 S.W.(2d) 899, 903, and cases there cited.

█ We think the trial court erred, however, in refusing to submit to the jury, over the objection of appellants, the issue of contributory negligence on the part of Denk. In response to Denk's cross-action, appellants pleaded contributory negligence of Denk in the rate of speed at which he was driving his truck as he approached the crest of the hill from the opposite direction; in failing to slow down as he passed the empty truck just ahead of the one Frels was attempting to pass; in not keeping a proper lookout as he drove over the crest of the hill; and in not giving any warning signal of his approach to the crest of the hill. It is not controverted that the horizon of Denk's vision of the road ahead of him was just as limited as he came up the hill from the opposite direction, as was that of Frels who turned out into the wrong side of the road. It was his duty to keep his truck under reasonable control within his line of vision, though driving on the right side of the road. There was testimony that as he approached the crest of the hill just beyond which he collided with Frels' car, he was driving at a rate of speed in excess of that allowed by law for vehicles of that type upon the highway. He testified that he sounded no warning as he approached and turned the crest of the hill. It was shown that all of such gravel trucks, some forty in number, hauling over the highway, including Denk, were paid by the mile; that the more loads they made the more they earned; that the faster they drove, the more loads they made; and that not only the empty trucks often drove at excessive speed, but that the loaded ones hurried their trips for that reason, sometimes driving at excessive speed over the highway. Under these circumstances, we think there was sufficient evidence to make a jury issue on the question of whether Denk was guilty of negligence in the manner and speed at which he approached and passed over the crest of the hill; and, if so, whether such negligence was a contributing cause to the collision which occurred. That was a question which the court should have submitted to the jury. It is now too well settled to require citation of authorities, that if there be any evidence on an issue of fact, upon which reasonable minds could differ, it becomes the duty of the trial court, where requested, to submit such issue to the jury.

█ We do not sustain appellants' contention, however, that the issue of discovered peril is presented. The uncontroverted evidence shows that, after discovery of Frels' perilous position, he did all within his power to avoid the collision. That is, that he pulled his truck as far to the right as he could without running into the ditch, applied both his foot brakes and his emergency brakes, and cut off his ignition when he saw that the collision was inevitable and that his truck had been

brought almost to a stop when the impact occurred. There was also evidence that there was sufficient room in the center of the highway between his truck and that he was passing, for Frels' car to have passed between them, had not Frels steered his car too far over on the wrong side of the road.

■ Appellants complain of the trial court's instruction to the jury that in estimating Denk's damages they might take into consideration resulting reduced earning capacity in the future, and future pain and suffering. This on the ground that such elements of recovery were not pleaded in the cross-action. This contention is not sustained. Denk pleaded specifically his various injuries; that he had suffered, as a result thereof, and would continue to suffer physical and mental pain and anguish for an indefinite period of time; that his injuries were permanent; that his ability to labor for an indefinite time in the future was impaired; and that his ability to labor and earn money had been lessened for the rest of his life. Such pleadings were clearly sufficient, under a prayer for general relief, to authorize the inclusion of these elements of damage in his recovery. San Antonio & A. P. Ry. Co. v. Weigers, 22 Tex. Civ. App. 344, 54 S. W. 910; 13 Tex. Jur. §§ 202, 203, p. 355 et seq., and cases there cited.

■ Appellants also complain of the failure of the trial court to define the term "proximate result" in the issue submitted to the jury. The issue submitted was objected to on that ground among others. If the collision were caused wholly by the negligence of Frels, and if Denk, as the trial court found, were not guilty of contributory negligence, we think it would follow as a matter of law that Denk's injuries were the proximate result; and that failure to define that term, if error, was harmless. Since, however, we hold that there was sufficient evidence to go to the jury on the issue of Denk's alleged negligence, whether that negligence if found by the jury upon another trial were a proximate cause of Denk's injuries would become material. Ordinarily, where proximate cause or proximate result of an act of negligence charged becomes material, the term should be defined by the court. This can be done upon another trial in keeping with now well-established definitions laid down in numerous decisions.

Vernon's Ann. Civ. St. art. 2185, note 354, and authorities there cited.

■ The next issue presented relates to argument to the jury made by appellees' counsel and objected to at the time. The argument complained of was: "We hope you will consider these matters seriously and that you will do what you would want a jury to do if you were overtaken by a similar calamity." This character of argument has been specifically condemned by the courts as improper and prejudicial. Southwestern Tel. & Tel. Co. v. Andrews (Tex. Civ. App.) 169 S. W. 218, 222; Brown Cracker Co. v. Castle (Tex. Civ. App.) 26 S.W.(2d) 435, 439; Dixie Motor Coach Corporation v. Swanson (Tex. Civ. App.) 41 S.W.(2d) 436, 440. Appellees concede that the argument was error, but urge that it was cured by the remittitur filed.

■ The jury awarded Denk $8,000 for personal injuries. He alleged lost earnings up to the time of the trial of $2,100. The $5,900 difference between these two amounts, if it be conceded that they found his lost earnings in the full sum alleged, necessarily constituted compensation for past and future pain and suffering and reduced future earning capacity. Appellants urge that this amount is excessive and that it was induced, among other things, by the improper argument. In filing the remittitur, appellees in effect concede this. If there were no other error, and the amount of such excessive damages due to this error could be reasonably determined by the court, a remittitur might suffice. But where, as here, no determinate amount of such damage can be reasonably arrived at by the court as the result of such improper argument, and in view of other error disclosed by the record, the better opinion seems to be that the case should be reversed and remanded. Texas P. Coal & Oil Co. v. Grabner (Tex. Civ. App.) 10 S.W.(2d) 441, 445; Texas & P. Ry. Co. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212, 218; Nicholson v. Nicholson (Tex. Civ. App.) 22 S.W.(2d) 514, 520; 3 Tex. Jur. §§ 827, 828, pp. 1174–1178, and numerous cases there cited.

■ Appellants also complain that there was neither pleading nor proof that Denk had presented his claim for damages to the executrix for approval; and that such course was necessary before he was entitled to bring suit thereon. The stat-

utes (articles 3509, 3515, 3522, R. S. 1925) do not require that contingent or unliquidated claims for money, such as require the intervention of a jury to ascertain the amount, be first presented to an executor before suit thereon is authorized. 14 Tex. Jur. § 284, p. 30, and cases cited.

Nor was it necessary for Denk to prove the appointment and qualification of Mrs. W. H. Allen, formerly Mrs. Frels, as executrix of the estate of Frels. She brought her suit in that capacity against Denk, who made no denial of the capacity in which she sued, and by trial amendment alleged her intermarriage with Allen, who joined her pro forma in the proceedings. That being true, it was not necessary for Denk to make proof of facts affirmatively alleged by her.

While we have not undertaken to discuss all of the numerous contentions made ·by appellants, what we have said disposes of the material issues raised on the appeal.

For the reasons stated, the judgment of the trial court in so far as it denies to appellants any recovery against appellee Bruno Denk is in all things affirmed. In so far as the cross-action of Denk is concerned, the trial court's judgment is reversed and the cause remanded for another trial thereon.

Affirmed in part and in part reversed and remanded.