McIVER et al. v. GLORIA.

No. 11114.

Court of Civil Appeals of Texas.
San Antonio.

June 24, 1942.

Rehearing Denied July 22, 1942.

O. Shelley Evans, of San Antonio, and Chas. E. Crenshaw, of Austin, for appellants.

Harry J. Schulz, of George West, for appellee.

SMITH, Chief Justice.

This action for damages for personal injuries was brought by Inez Gloria against J. D. McIver, alleged to be doing business under the trade name of McIver Feed and Milling Company, and A. F. Ramos. Gloria alleged that he was injured in a collision between his automobile and a truck alleged to be owned by McIver and operated by Ramos. The jury found in favor of Gloria against both McIver and Ramos, who have appealed from the resulting judgment. In this opinion Gloria will be referred to as plaintiff and McIver as defendant.

Under his first proposition defendant complains that the court erred in overruling his motion for directed verdict, on the ground that there was no evidence, or that the evidence was not sufficient, to show that defendant owned the truck admittedly driven by Ramos, or that at the time of the accident Ramos was defendant's employee and was acting within the scope of that employment. The findings of the jury upon these points were based primarily upon admissions made by defendant to one Probst, to the effect that defendant was the owner of the truck, that Ramos was his employee, and at the time of the accident was on an errand for defendant; and upon defendant's admission to the hospital physician, who was treating plaintiff for his injuries, that defendant was the owner of the truck and had come to the hospital to see that the injured persons got everything they needed to take care of them. Defendant denied having made the statements attributed to him and testified that the truck was operated by Ramos, employed by McIver Feed and Milling Company, and that such company was owned by defendant's brother J. T. McIver, and that defendant had no propriety interest in that business; that he was only its manager. But defendant further testified that he was in complete control of the operation of the business; that he bought the trucks owned by the company as well as all the materials, supplies and commodities used by the company in the operation of its business; that he hires and fires all employees, sets the prices on the products it sells, is the boss and is "the owner when any one comes in and asks who is the owner"; that his brother J. T. McIver has been working exclusively for another concern for the last four years, and has no other source of income than from such employment and had received no income from McIver Feed and Milling Company during the last year; that defendant has a drawing account with the Feed and Milling Company, limited only by that company's ability to pay, which was about $150 per month, but takes what he has to have and sometimes more. Defendant put in evidence a certificate from the proper authority, that in November, 1936, five years before this suit was tried, his brother J. T. McIver executed and filed his registration under an assumed name in which he recited that he was doing business in San Antonio under the name of McIver Feed and Milling Company, and that he was the sole owner of that business. Without passing on its significance, we observe that in executing his appeal bond in this case defendant described himself as "J. D. McIver, d/b/a McIver Feed and Milling Company."

We are of the opinion that the testimony we have set out above raised the issue of ownership of that business and of the truck in question, and the jury having found against defendant upon the issue and the trial court having approved that finding by rendering judgment thereon, this Court is without authority to disturb that finding. It should be added that the assumed name certificate reciting that J. T. McIver was the sole owner of the business operated in the name of the company in question was not conclusive of the issue of ownership but was rebuttable, and that the rebuttal testimony of defendant himself was sufficient to make it a jury issue in this case. Ablon v. King, Tex. Civ.App., 279 S.W. 563.

In this connection, we further hold that defendant's statements to Probst and the hospital physician that he owned the truck in question, that Ramos was his em-

ployee and was acting within the scope of that employment, were admissions against his interest, and were competent evidence of the facts admitted. Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 67, 100 A.L.R. 1014; Kifuri v. Lira, Tex. Civ.App., 73 S.W.2d 891; Connor v. Crain, Tex.Civ.App., 289 S.W. 712; Thompson v. Moor, Tex.Com.App., 14 S.W.2d 803; Lester v. Hutson, Tex.Civ.App., 184 S.W. 268. Upon these conclusions we overrule defendants' first proposition. It should be added that no complaint is made here of the admission in evidence of the statements of defendant to Probst and the physician.

 Defendants' second proposition is based upon their second assignment of error, in which it is asserted "that the court erred in admitting the testimony of the witness Frank Probst, on his direct examination, to the effect that the defendant A. F. Ramos had told the witness that he was employed by J. D. McIver, and that the truck was owned by the McIver Feed and Milling Company." No error is presented under this assignment and point. These statements of Ramos were identical with the admissions of defendant McIver to the same witness Probst, and had already been admitted in evidence without any objections prosecuted here, and were therefore harmless to defendants. We overrule defendants' second proposition.

 In their third proposition defendants complain that under the court's charge the jury was authorized to consider plaintiff's future incapacity and loss of earnings in determining the issue of damages, defendants contending that there was no evidence to authorize such submission. We overrule the proposition. The evidence shows without dispute that plaintiff's injuries were serious and of a permanently disabling nature. Such evidence authorized the jury to find a diminution of plaintiff's future capacity and earnings and assess damages therefor. 13 Tex.Jur. p. 348, § 196; San Antonio & A. P. R. Co. v. Weigers, 22 Tex.Civ.App. 344, 54 S.W. 910; Allen v. Denk, Tex.Civ.App., 87 S. W.2d 303.

Under their fourth, fifth and sixth propositions defendants complain of the nature and sufficiency of the testimony to support the verdict and judgment for money damages. We overrule the propositions. It is elemental that in suits of this character it is only necessary that the plaintiff prove the nature and degree of his injuries and their effect upon his capacity to earn a livelihood, and the nature of the employment in which he had been engaged or was capable of engaging in. From these facts it is the province of the jury to estimate from the evidence before them and from their common knowledge of human experience the probable amount of money which will compensate one wrongfully injured for his destroyed or diminished earning capacity, 13 Tex.Jur. pp. 178 et seq., §§ 85 et seq. Any award made by the jury may be examined and appraised by the trial judge or appellate court, and if found to be excessive will be reduced or the judgment reversed. Defendants do not bring forward into this appeal any contention that the judgment for plaintiff was excessive, and the jury award must stand.

No reversible error having been presented, the judgment is affirmed.