FABENS ICE COMPANY, Appellant,

v.

Nick H. KOSINSKI, Appellee.

No. 5413.

Court of Civil Appeals of Texas.

El Paso.

Oct. 5, 1960.

Rehearing Denied Oct. 26, 1960.

Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

Al Truex, El Paso, James C. Brady, San Antonio, for appellee.

ABBOTT, Justice.

Nick H. Kosinski, plaintiff below (appellee here), brought suit in the District Court against Fabens Ice Company, defendant below (appellant here), alleging injuries and disfigurement caused by appellant's employees, when one of appellant's employees caused appellee to be struck in the face with either ice tongs or ice, while ice was being loaded into appellee's refrigerated truck. Appellee had alleged numerous acts of negligence on the part of appellant's employees. In the alternative, appellee pleaded the theory of res ipsa loquitur. Appellant answered with a general denial and the defenses of contributory negligence and volenti non fit injuria. At the close of the evidence, appellant moved for an instructed verdict, which was overruled by the court. The case was submitted to the jury, and they returned a verdict for the appellee.

Appellant filed its motion for judgment non obstante veredicto; and, in the alternative, that the court set aside the jury's finding that the appellee's voluntary exposure to the injury was not the proximate cause of his injury. Appellee filed a motion for judgment on the verdict and, in the alternative, motion to disregard the jury's findings on the issues of volenti non fit injuria. The motions were all overruled except that by appellee for judgment on the jury's verdict. From that verdict appellant has perfected its appeal, and is properly before this court.

The facts in this case are simple. Appellee, driving a refrigerated truck, pulled into appellant's ice dock to re-ice. The ice is normally, as in this case, swung with ice tongs by one man standing on the ice platform, to another man standing in front of the open ice loading door on the right side of the front of the refrigerated trailer. Adjacent to the ice loading door is a motor that is used to blow air and create circulation over the ice and to the produce being carried. There is testimony, and a jury finding, to indicate that the ice loading had been stopped, and that appellee climbed up to the small motor to start it, so that his load of produce would be getting the benefit of the cold air. The ice loaders re-commenced loading ice while appellee was trying to start the motor, and appellee was hit in the face with either the block of ice or the ice tongs, creating the injury complained of.

From this judgment, appellant has brought ten points of error. These points shall be grouped as they are in appellant's brief. Points 1 and 2 are to the refusal of the court to direct a verdict for appellant, and the court's refusal to grant appellant's motion for judgment non obstante veredicto. Appellant bases these points on appellee's failure to prove any negligence by appellant, and upon its defense of volenti non fit injuria. The first seven issues submitted to the jury were directed to the negligence of appellant and the proximate cause of the resulting injury. The jury found appellant failed to exercise the proper degree of care

**548**

in handling the ice tongs; appellant failed to keep a proper lookout; appellant failed to warn appellee that it was going to commence loading ice, and that each of these were negligence and the proximate cause of the injury. We believe there to be sufficient evidence in the record to support the findings of the jury and, so finding, Point No. 1 is overruled.

 Appellant insists that the doctrine of volenti non fit injuria is applicable to this case. With this we cannot agree. The only difference between assumption of the risk and the doctrine of volenti non fit injuria is the parties involved. Assumption of the risk lies in cases arising from the relationship of master and servant, or at least to cases involving a contractual relationship, whereas the doctrine of volenti non fit injuria applies in proper cases independently of any contractual relationship. A person must assume all the ordinary risks of his voluntary acts or the environments in which he voluntarily places himself, but he does not assume obscure and unknown risks, which are not naturally incident thereto and which, in the existing conditions, would not be reasonably observed and appreciated, and one is not required to anticipate that he will be exposed to a hazard not naturally incidental to his situation, but arising from negligence which he had no reason to foresee. 65 C.J.S. Negligence § 174, p. 852 (and cases cited).

In the present case, the issues submitted and answered by the jury have resolved this question, in that negligence by appellant was found, and that none by appellee was found. The type of negligence —that is, failure to exercise the proper degree of care in handling the ice tongs; failure to keep a proper lookout; and failure to warn that he was commencing to load ice—are not such assumptions of risk as can be charged to appellee, but a finding of unforeseeable and unexpected active negligence of appellant.

Appellant further argues that the answers to questions 10, 11 and 12 bring this case under the volenti non fit injuria doctrine. These three questions, inquiring into whether or not appellee was knowingly exposing himself to the method of loading the ice, are all qualified by the words, "danger, if any". There was no issue submitted that asked the ultimate question as to whether there was a danger or not; and, further, if appellee knew or should have known of the risk of such danger. For the above reasons, appellant's Points Nos. 2 and 3 are overruled.

The balance of appellant's points of error are based on the sufficiency of the evidence for the jury's answers. We have searched the record and find, in our opinion, sufficient evidence to support the jury's findings; and, accordingly, the balance of the points of error are overruled.

The judgment of the trial court is affirmed.