**CHICKASHA COTTON OIL COMPANY,**
Appellant,

v.

**T. L. HOLLOWAY, Appellee.**

No. 7344.

Court of Civil Appeals of Texas.

Amarillo.

April 6, 1964.

Rehearing Denied May 4, 1964.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

Fitzjarrald & Poole, Amarillo, for appellee.

CHAPMAN, Justice.

Plaintiff-appellee, T. L. Holloway, a cotton-growing farmer near Wellington alleged that on September 22, 1961, he had ginned a bale of cotton with Chickasha Cotton Oil Company, which operated a cotton gin in Wellington, Texas; that while on the property of said company as a customer he was an invitee; that after his bale of cotton had been ginned he went to the area of the gin property where the lint cotton pressed into bales was loaded from a 10-foot-high platform onto flatbed trucks to secure and examine a sample of his cotton; that while there the company's agents acting within the scope of their authority threw a bale of cotton from the platform onto him, pinning his head between the bale of cotton and the truck, and as a result thereof his face, head and jaws were crushed; that defendant was negligent in failing to keep a proper lookout before throwing the bale of cotton from the overhead platform and in failing to warn him that the bale was to be thrown, and that such actions constituted proximate causes of his injuries and resulting damages.

Defendant-appellant alleged Mr. Holloway was negligent in failing to maintain a

proper lookout; in placing himself in a position of danger known to him but unknown to the gin employees; that he voluntarily exposed himself to a risk and danger known to him, such that the principle of volenti non fit injuria is applicable; and that his injuries were proximately caused by his exposure of himself to loading operations being conducted on the premises which were open and obvious to him.

A jury submission resulted in findings that defendant's employees failed to keep that character of lookout that a person of ordinary prudence would have kept at the time the bale of cotton was thrown from the platform at the time and place in question; that said employees failed to warn plaintiff that a bale of cotton was to be thrown from the platform; and that plaintiff suffered injuries proximately resulting therefrom for which damages were assessed.

The jury found that plaintiff was an invitee; that he was not negligent in placing himself in a position where he might be struck by a bale of cotton thrown from above, or in the character of lookout he maintained, or in placing himself in the particular position he occupied at the time he was struck.

In Special Issues 12 and 13 the court asked the jury:

### SPECIAL ISSUE NO. 12

"Do you find from a preponderance of the evidence that the hazard that he might be struck by a bale of cotton thrown from above was a hazard which was known to and appreciated by plaintiff?"

### SPECIAL ISSUE NO. 13

"Do you find from a preponderance of the evidence that the hazard that he might be struck by a bale of cotton thrown from above was a hazard which in the exercise of ordinary care plaintiff should have known and appreciated?"

To such issues the jury answered "Yes."

Both parties filed motions for judgment on the verdict and in the alternative for judgment n. o. v.

The court found that the answers to Special Issues 12 and 13 did not constitute a bar to recovery and rendered judgment for T. L. Holloway for $38,000, the amount found by the jury plus $3,000 agreed to by the parties as past hospital and medical expenses. It is from such judgment appeal is perfected to this court and in the first point appellant urges error of the trial court in refusing to render judgment for it under the principle of volenti non fit injuria, or voluntary exposure to risk.

In a lengthy and thorough discussion of both the "volenti" [an affirmative defense] and the "no duty" [which plaintiff must negative] principles, our Supreme Court has very recently held that the injured person must actually know and appreciate the danger to which he voluntarily exposes himself; or that as a matter of law he is charged with such knowledge and appreciation before the defense of volenti non fit injuria is applicable. Halepeska v. Callihan Interests Inc., Tex., 371 S.W.2d 368.

The Fort Worth Court of Civil Appeals in American Cooperage Company v. Clemons, 364 S.W.2d 705 (N.R.E.) has held that: "Knowledge of the very hazard which does result, and appreciation of the danger thereof, is essential to the applicability of the volenti doctrine." There is no suggestion in our case that appellee had knowledge that the pressman Lunsford, who testified he was doing the work of two and sometimes three men would throw the bale of cotton off without looking over the edge of the platform to see who was around the truck or that he would do so without some sort of warning. There is probative evidence that it was not even his duty to throw the cotton from the platform to the truck below but that such duty was that of the trucker. Nei-

ther the trucker nor the pressman were in sight when appellee walked under the platform.

■ In reciting the history and development of the "no duty" and volenti doctrines and giving the components of each Justice Greenhill in speaking for the Supreme Court in the Halepeska case has said:

"The 'no duty' doctrine is this: the occupier of land or premises is required to keep his land or premises in a reasonably safe condition for his invitees. This includes a duty of the occupier to inspect and to discover dangerous conditions. * * * His duty is to protect his invitees from the dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he should know in the exercise of ordinary care. If there are dangers which are not open and obvious, he is under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom and warn them thereof. But if there are open and obvious dangers of which the invitees know, or of which they are charged with knowledge, then the occupier owes them 'no duty' to warn or to protect the invitees. * * * * "So * * * the invitee must not only prove that he was injured as a proximate result of encountering a condition on the premises involving an unreasonable risk of harm, but he must also prove, as part of the plaintiff's case, that the occupier owed him a duty to take reasonable precautions to warn him or protect him from such danger, i. e., the plaintiff must negative 'no duty.' "

■ There is not any question in the record but that appellee was an invitee. Even if it could be said that the very nature of the ginning business [where the customer brings his cotton to be ginned and pays a designated price for the services] does not make him an invitee as a matter of law, the jury found he was and the evidence is amply sufficient to support the finding.

Mr. Cartright as manager of the gin knew that Mr. Lunsford at the time was doing the work of more than one man. He testified it was not the pressman's duty to load the cotton on the trucks. He also admitted there had never been any instructions to any of the employees to warn people when the cotton was to be thrown from the platform and that so far as he knew no warning by word of mouth or in any other manner was given when Mr. Lunsford threw the bale of cotton from the platform that hit Mr. Holloway's face and head. He also testified in effect that the gin customers had a right to go to the pressroom, upon the platform, or to the truck on which cotton is loaded and that they had a right to a sample of their cotton.

There is not any question from this record but that the danger or hazard from which appellee was injured was not an open and obvious one. The only probative evidence on the subject came from him and his testimony completely refutes it. He knew from his experience with the pressroom, loading platform and the flatbed trucks onto which the baled cotton was loaded that it was the trucker's duty to load it. He investigated and found the trucker was not in the cab of the truck or anywhere around it. There was not anyone on the platform immediately before he walked up to the place where the bale was thrown off on him. When asked if he realized he was exposing himself to any danger at all he replied, "No, I did not." There is certainly not anything in the record by which he could be charged as a matter of law with knowledge that a danger existed or appreciation of danger in what he did. His knowledge of the loading was that the truck driver did it and he was not anywhere around the place. He looked up as he went out of the office and there was not anyone on the platform, so he thought he was perfectly safe. Therefore, under the clear holding of Halepeska, appellant was "under a duty to take such precautions as a reasonably prudent person would take to protect his invitees therefrom and to warn them

thereof." Halepeska, supra, syl. [2, 3]. This it clearly did not do, and as a proximate result thereof appellee received his injuries.

The cases relied upon by appellant for its contention that the facts of this case bring it within the "no duty" concept as related to "open and obvious" conditions upon the gin yard are clearly distinguishable from the facts in our case. In those cases the conditions causing the injury were in existence on the premises at the time the invitee went thereon. In McKee, General Contractor v. Patterson, 153 Tex. 517, 271 S.W.2d 391, the hazard was a highly waxed and slippery floor open and obvious to anyone who looked. In Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, the hazard was slippery marble stairs. In A. C. Burton Co. v. Stasny, Tex.Civ.App., 223 S.W.2d 310 (writ refused) the hazard was a plate glass window the plaintiff had walked by as he came in the door to the building. Our Supreme Court has held that generally such conditions are static, such as holes and pits in the ground or sidewalks, broken stairs and the like, and that if such conditions be movable in part, such movement is generally rigidly circumscribed and easily predictable. Hernandez v. Heldenfels, Tex., 374 S.W.2d 196. Here the platform from which the bale was thrown was approximately twelve feet by twenty-four feet and it could have been thrown off anywhere the length thereof. Additionally, the force that threw it, the pressman, was hidden from view during all the time appellee was walking from the office to the platform and the trucker whose duty it was to load it was never in the picture.

■■ The volenti doctrine is an affirmative defense with the burden on the defendant to bring himself within its requirements. It means legally that " * * * a person may not recover for an injury to which he assents; that a person may not recover for an injury received when he voluntarily exposes himself to a known and appreciated danger." Halepeska supra. "In this state, the decision to incur the risk must have been deliberate; i. e., made with knowledge and appreciation of the danger so that it may be said that the person acted as the result of an intelligent choice." Halepeska, supra; Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W.2d 172.

The test both in "no duty" and volenti is a subjective one: "did plaintiff know and appreciate. * * * 'The standard to be applied is * * * of what the particular plaintiff in fact sees, knows, understands and appreciates.' "[1] It would appear obvious from these tests, when related to the facts as we have heretofore discussed them in relation to the "no duty" doctrine and authorities cited in connection therewith that appellee negatived the "no duty" obligation and that appellant did not bring itself within the volenti maxim.

We believe appellant's contention for the application of the volenti doctrine to the record made here is further foreclosed against it by Fabens Ice Company v. Kosinski, Tex.Civ.App., 339 S.W.2d 546 (N.R.E.) and Sinclair Refining Company v. Winder, Tex.Civ.App., 340 S.W.2d 503 (writ refused). In the former the court said: "There was no issue submitted that asked the ultimate question as to whether there was a danger or not; ". The same situation applies in our case. In the Winder case the court said:

> "Whether there is a duty on the owner of premises to take precautions against injury to an invitee from dangers of which the latter is aware, depends on whether the invitee 'voluntarily encounters' the dangerous condition 'of his own free will and as a result of intelligent choice.' In determining the owner's duty, the conduct of the invitee must be looked to. The owner's knowledge and appreciation is only the initial inquiry. If this is established, knowledge and appreciation by the invitee must be shown. *There yet remains the*

---

1. Halepeska, supra.

*issue as to whether the invitee voluntarily exposed himself to the danger known and appreciated by him."* (Emphasis added.)

As in the Kosinski case, we have no issue submitted nor a finding on the ultimate question as to whether there was a danger or not.

We also are of the opinion there is not any probative evidence that the invitee voluntarily exposed himself to any danger known and appreciated by him.

■ Appellant has not brought itself within Rule 279 Vernon's Ann.Texas Rules so as to be entitled to presumed findings upon the necessary components to establish volenti. Such doctrine is an independent ground of defense, and is pleaded as such. Rule 279 provides in part as follows:

"Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; provided, however, that *objection to such failure shall suffice in such respect if the issue is one relied upon by the opposing party* * * *

"Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence *and upon which no issue is given or requested shall be deemed as waived;* but where such ground of recovery or of defense consists of more than one issue, of one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted

issue or issues in support of the judgment, *but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment."* (Emphasis added).

■ As heretofore stated, appellant neither objected to the failure to give the issue constituting the other components of the volenti defense nor requested them in substantially correct wording. Additionally, appellant did not request a hearing for findings on such omitted issues as required under Rule 279 before judgment was rendered, though appellee had objected to failure to give the issues. Therefore, even if it should be said, arguendo only, that a fact issue was raised as to a danger to which he voluntarily exposed himself it must under this record be regarded as having been found by the trial court in favor of appellee. Dee v. Parish, 160 Tex. 171, 327 S.W.2d 449; Collier v. Hill & Hill Exterminators, Tex.Civ. App., 322 S.W.2d 329, 73 A.L.R.2d 1141 (N.W.H.).

For all these reasons and by authority of the cases cited we hold appellee has negatived the "no duty" concept and that appellant did not bring itself within the doctrine of volenti non fit injuria.

Appellant next urges no evidence and insufficient evidence to support the jury's findings of failure on the part of defendant's employees to keep a proper lookout which was a proximate cause of plaintiff's injuries.

Mr. Holloway testified that from the time he left the gin office to go see about his cotton there were no obstructions between him and the platform one hundred to one hundred and fifty feet away; that he was out of view of the platform only for the period of time it took him to walk twelve feet, the distance from the edge to the center of the platform; and Mr. Lunsford, the pressman, testified he was doing the work of from two to three men; that it was not part of his duty to load the cotton; that aft-

er the cotton came out of the press he "walked" it across the platform with cotton hooks within about three feet of the edge then got back behind the bale and let it down before shoving it off the platform. Upon cross-examination he stated:

"Q. And so, when you pushed this bale of cotton off, you didn't have time to look over the edge to see who was around that truck, did you?

"A. No, sir."

■ From this testimony and the pictures showing Mr. Holloway's location at the time he was hit the jury could have concluded, as they did, that Mr. Lunsford was not keeping a proper lookout which was a proximate cause of the injuries.

■ Of course, there are other inferences a jury might have drawn but we have no authority to set aside a jury verdict merely because the jury could have drawn different inferences or conclusions. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792.

Though only one finding of negligence and proximate cause is sufficient to support the judgment, we believe the evidence was also sufficient to sustain the jury finding of negligence and proximate cause in failure to warn. The evidence is uncontroverted that Mr. Lunsford gave no warning before throwing the bale off the platform. No open or obvious hazard existed. The general manager testified the customer had a perfect right to see about his bale of cotton and there were no warning signs to look out for cotton being thrown from the platform and there is not any suggestion that appellee consented to the failure of appellant to give a warning that he was going to throw the 605-pound bale of cotton. Accordingly, we believe appellant's points eight and nine are without merit. Fabens Ice Company v. Kosinski, supra; Hobbs v. Grant, 314 S.W. 2d 351 (N.R.E.).

■ Appellant's contention of excessiveness in the verdict as it applies to loss of earnings in the past and future are well taken. Though the amount of damages resulting from impairment of earning capacity of a plaintiff must be left largely to the sound discretion of the jury, they should not be left to mere conjecture. Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117.

■ The testimony shows he spent $890 or $445 per year for work he hired done in 1961 and 1962 that he would have done himself had he not been injured. His life expectancy was not proved but the testimony shows he was farming on a small scale and did all his farm work. If we use the $445 per year as a basis and say the jury in their discretion had the authority to project his farming ability eight more years until he was 73, which appears fair, the verdict would still be excessive to the amount of $1,110 for loss of earnings in the past and $2,440 for loss of earnings in the future.

We cannot agree with appellant that the amounts assessed by the jury for physical pain and suffering in the past and in the future are excessive. It would serve no useful purpose to detail all the many injuries to appellee's head, jaws, teeth, etc., shown by the record. Suffice it to say they were so serious as to cause personality changes and to indicate by medical testimony they would continue for his lifetime. Without question they were very, very extensive.

From what we have said in passing upon the first point it becomes unnecessary to write upon appellant's last point and our disposition of the case does not require us to consider appellee's cross-assignment.

The judgment of the trial court is reversed and remanded unless within seven days from the date of this announcement, T. L. Holloway files a remittitur in the amount of $3,550.00. In the event such remittitur is filed, the judgment of the trial court will be reformed to conform to the above conclusion and as reformed, affirmed.