**Ray McGINTY, Appellant,**

v.

**MOTOR TRUCK EQUIPMENT CORPORA-TION, Appellee.**

**No. 16609.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 19, 1965.

Andress, Woodgate, Richards & Condos, Wm. Andress, Jr., Dallas, for appellant.

Leachman, Gardere, Akin, Porter & De-Hay and Edward E. Crowell, Jr., Dallas, for appellee.

BATEMAN, Justice.

The appellant Ray McGinty sued the appellee Motor Truck Equipment Corporation for damages to one of his trucks alleged to have been proximately caused by negligence of appellee.

Appellant owned five new dump trucks and bought bodies for them from appellee. Appellee installed the bodies by welding them to the chassis of the trucks, although a printed brochure published by the manufacturer of the bodies pictured one of them as being fastened with bolts. Shortly after such installation, on July 8, 1963, one of the bodies, heavily loaded, became severed from the truck chassis at the place where it had been welded thereon. Appellee then bolted this body to the truck chassis, at a charge to appellant of $95.56, and at that time appellee's shop foreman told appellant he should have the other four bodies bolted on also. Appellant acted on this advice to the extent of having three of them bolted and the remaining one, which was not bolted, was the one which came loose on July 22, 1963, falling forward and seriously damaging other parts of the truck.

The findings of the jury in response to special issues were: (1) appellee's employees did not fail to install the bodies on the trucks in a good and workmanlike manner; (3) the failure of appellee's employees to install the bodies with bolts was not negligence; (5) appellant did not fail to inspect the body of the dump truck damaged on or about July 22, 1963; (8) the failure of appellant, after July 8, 1963 and before July 22, 1963, to have the body attached to the dump truck in question with bolts was negligence, (9) which was a proximate cause of the damage to the truck in question; (10) after July 8, 1963 there was danger of the welded body of

the truck in question coming loose from the chassis; (11) appellant had knowledge of such danger, and (12) voluntarily exposed himself to the damage, if any, which might result from such danger; (13) such exposure was a proximate cause of the damages to the truck on July 22, 1963; (14) the instruction by the manufacturer of the dump truck bodies was not the sole cause of the damage. The jury then answered "None" to Special Issues 15, 16 and 17 inquiring as to appellant's alleged damages. The court rendered judgment on this verdict that appellant take nothing, and he appeals on four points of error.

By his first point of error on appeal the appellant complains of the admission of certain printed instructions which appellee had received from the manufacturer of the bodies, recommending that these bodies be installed by welding them to the hinges at or near the rear of the chassis, instead of bolting them thereto. Appellee offered this sheet of instructions in evidence three different times, and each time appellant's objection that it was hearsay was sustained. While the appellee was making its bill of exceptions to these rulings in the absence of the jury, it was developed that appellee kept a file of bulletins received from manufacturers of articles it sold as a dealer, which file was maintained in the usual course of its business by its employees under the custody and control of the shop superintendent. Thereupon the court announced that the instructions would be admitted under the authority of Vernon's Ann.Civ.St., Art. 3737e. It was so admitted when the jury returned.

■ We do not agree that the provisions of Art. 3737e would be applicable to this instrument, since it did not even purport to have been made by an employee or representative of appellee "with personal knowledge of such act, event or condition." National Surety Corp. v. Moore, Tex.Civ.App., 386 S.W.2d 327, wr. ref. n. r. e.; Skillern & Sons, Inc. v. Rosen, Tex.Sup., 1962, 359 S.W.2d 298. However, we pretermit further discussion thereon because we do not think the hearsay rule has any application to this evidence.

■ As stated in McCormick & Ray, Texas Law of Evidence, § 781, p. 558, "The rule in truth is this: evidence of a statement made out of court *when such evidence is offered for the purpose of proving the truth of such previous statement,* is inadmissible as hearsay. It is obvious that such statements may be offered in evidence for a great number of other purposes than establishing the truth of the statement and whenever this is so the evidence is not hearsay and some other ground for its exclusion must be sought." It is obvious to us from a reading of the record that appellee did not offer the document in question to prove the truth of its contents, but to counteract the effect of a brochure appellant had introduced, which contained a picture of the dump body bolted to the truck chassis. Appellant had taken the position that appellee was negligent in welding the bodies on appellant's trucks in the face of the manufacturer's recommendation that they be attached by bolts. Appellee merely offered to prove by the document in question that later recommendations received from the manufacturer were that the bodies be welded rather than bolted. Whether the contents were true or false, the instrument was admissible as original and material evidence bearing on the question of appellee's negligence. McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442.

■ Moreover, if this instrument were found to have been erroneously admitted in evidence, we would be compelled for two reasons to hold that under Rule 434, Vernon's Texas Rules of Civil Procedure, the error was harmless. In the first place, appellee's shop foreman had already testified without objection that the bodies had been welded on appellant's trucks on recommendations of the manufacturer. To the same effect was testimony given by appellee's service manager, also without objection. The instrument was therefore merely cumulative of direct testimony of

two witnesses to the same effect, and any error in admitting it was harmless. Gulf, Colorado & Santa Fe Ry. Co. v. De Leon, Tex.Civ.App., 373 S.W.2d 886, 889, wr. ref. n. r. e.

■ In the second place, the jury findings that appellant was guilty of contributory negligence, and that he had voluntarily exposed himself to a known danger, and that such negligence and such exposure were each proximate causes of the damages complained of, furnished adequate support for the judgment quite aside from the matter of appellee's negligence.

Therefore, appellant's first point is overruled.

By his second point of error appellant asserts that, since the instructions from the manufacturer, being hearsay, constituted no evidence, there was in fact no evidence to sustain the jury's findings acquitting appellee of the negligence charged against it.

■ The burden was on appellant to prove such negligence and obtain a jury finding thereof, not on appellee to disprove the same. The jury failed to find that such negligence existed. This they had a right to do, as they were not compelled to believe appellant or any of his witnesses. Moreover, in view of the positive findings of contributory negligence and voluntary exposure to known danger, any error in this respect would be harmless. Rule 434, T.R.C.P. The second point of error is overruled.

Appellant's Point 3 is as follows: "Failure of one truck body installed within thirty days did not make continued necessary use of four others an assumption of risk of their defective installation also."

While this point, standing alone, does not "direct the attention of the court to the error relied upon," pursuant to Rule 418, T.R.C.P.,[1] a consideration of the statement and argument thereunder in the brief, to-gether with the references made to portions of appellant's amended motion for new trial, indicates that it is intended by the point to assert error in the overruling of appellant's objections to the submission of Special Issues Nos. 10, 11, 12 and 13; also that there was no competent evidence, and no sufficient evidence, to support the answers of the jury to those special issues, which together constituted the findings of voluntary exposure to known danger. We shall consider the point as if it had properly presented these various complaints. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478.

■ Appellant argues that the doctrine of *volenti non fit injuria* does not apply to this case because "it is not sufficient that the plaintiff have knowledge of some danger under the circumstances, but must have knowledge of the precise danger which does occur," citing Brown v. Lundell, 162 Tex. 84, 344 S.W.2d 863; also, that the record did not show that appellant made the decision deliberately to incur the risk "with knowledge and appreciation of the danger so that it may be said that the person acted as a result of an intelligent choice," citing Halepeska v. Callihan Interests, Inc., Tex. Sup., 1963, 371 S.W.2d 368, 379; Wood v. Kane Boiler Works, 150 Tex. 191, 238 S.W. 2d 172; and Chickasha Cotton Oil Co. v. Holloway, Tex.Civ.App., 378 S.W.2d 695, wr. ref. n. r. e. We do not agree with appellant. He must be charged with actual knowledge of the fact that the bodies had been welded on all five of his new trucks, and that one of them had sheared off at the very place of welding. It is undisputed that appellee's shop foreman recommended to appellant that the other four bodies be bolted. Moreover, appellant acted on this advice with respect to three of the remaining four trucks. For reasons best known to himself he did not have the fifth one bolted on, and this was the one which also sheared off and caused the complained of damages. With this evidence before them

1. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 646; Dallas Fountain & Fixture Co. v. Hill, Tex.Civ.App., 330 S.W.2d 648, 649, 651, wr. ref. n. r. e.

the jury made the findings of the essential elements of the *volenti* doctrine. These findings were supported by competent evidence of probative force, and in view thereof the court rendered the only judgment that could properly have been rendered.

 It is also noted that appellant does not by any point in his brief attack either the submission of Special Issues Nos. 8 and 9, or the findings in response thereto, as being without support in the evidence or as being against the great weight and preponderance of the evidence. Those findings were that appellant was negligent in failing to have the body of the truck in question attached to the truck with bolts and that such negligence was a proximate cause of the damages in question. Those two findings in themselves are sufficient to support the judgment appealed from, and, if we are mistaken in what we have heretofore said with reference to the applicability of the *volenti* doctrine and the binding effect of the jury findings thereunder, the errors complained of in that respect must be held to be harmless under Rule 434, T.R.C.P. The third point is overruled.

 By his fourth point of error appellant raises for the first time in this case an issue of implied warranty of the fitness of the dump bodies sold by appellee, including their installation. Appellant's petition, upon which he went to trial, pitched his case solely on the ground of negligence and proximate cause; his pleadings did not assert any claim of liability because of breach of warranty, either expressed or implied. Appellant did not object to the court's charge because it failed to submit the theory of breach of warranty, and he requested the submission of no such special issues. Appellant not having pled warranty, or the breach thereof, and the case not having been tried on the theory that a breach of warranty was involved, we overrule appellant's fourth point.

No reversible error having been shown, the judgment of the court below is affirmed.