**BEVERLY ENTERPRISES, INC. d/b/a Leisure Lodge, Appellant,**

v.

**Alma Marie GAINES, Appellee.**

**No. 10–82–201–CV.**

Court of Appeals of Texas, Waco.

May 19, 1983.

Rehearing Denied June 16, 1983.

Robert J. Hanley, Waco, for appellant.

George Shaffer, Waco, for appellee.

Before McDONALD, C.J., and HALL and THOMAS, JJ.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Defendant-employer Beverly Enterprises, Inc., from $67,376.58 judgment against it in favor of Plaintiff-employee Alma Gaines.

Plaintiff sued for personal injuries resulting from Defendant's negligence in creating hazardous workplace conditions. Plaintiff alleged Defendant placed a stepladder and large metal laundry bins in the entrance area to Plaintiff's workplace, causing Plaintiff to collide with and fall over the ladder and to suffer back injuries. Plaintiff proceeded under a negligence theory because the Defendant did not have worker's compensation insurance.

Trial was to a jury which found:

1) Defendant's placing and storage of a stepladder and laundry hampers in the entrance area of Plaintiff's workplace was negligence.

2) Defendant's negligence was proximate cause of the occurrence which resulted in Plaintiff's injuries.

3) Plaintiff was entitled to damages as follows:

a) $5,250.30 for past medical expenses.

b) $15,000.00 for past present and future physical pain and mental anguish.

c) $9,000.00 for past loss of wage carning capacity.

d) $45,000.00 for lost future earnings.

The trial court rendered judgment on the verdict after crediting the Defendant with a stipulated offset and overruling Defendant's motion to disregard the finding on lost future earnings. The trial court later denied Defendant's motion for new trial based on insufficient evidence to support the lost future earnings award and on its excessiveness. Defendant appeals on 3 points.

Point 1 asserts the trial court erred in overruling the motion to disregard the finding on lost future earnings because there was no evidence to support the finding.

There is evidence Plaintiff was 50 years of age, and intended to work until she was 65. Specifically Defendant contends life expectancy is a necessary element in the proof of future lost earnings and there is no evidence on this element. However, proof of life expectancy is not required for

**602**

the recovery of lost future earnings. *City of Wichita Falls v. Geyer*, (Tex.Civ.App. 1943 Fort Worth) 170 S.W.2d 615, WOM; *McIver v. Gloria*, (Tex.Civ.App.1942 San Antonio) 163 S.W.2d 890, aff'd (Tex.1943) 169 S.W.2d 710. See also *Chickasha Cotton Oil Co. v. Holloway*, (Tex.Civ.App.Amarillo) 378 S.W.2d 695, NRE, Point 1 is overruled.

■ Point 2 asserts the evidence insufficient to sustain the lost future earnings finding. All evidence is considered in reviewing insufficient evidence points. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

Plaintiff is 50 years of age and intended to work until age 65.

■ There is evidence Plaintiff has a tenth grade education; that her work experience in the last ten years is in the areas of domestic work and commercial cooking; that her average weekly income was $230 prior to the occurrence; and that she earned this wage by working 2 jobs in a 75-hour work week. Plaintiff was still unemployed over a year after the occurrence despite attempts to find work. The treating doctor testified that Plaintiff suffers from permanent physical impairment in her ability to perform ordinary physical work tasks. This evidence is sufficient to support a finding for lost future earnings. *Producers Chemical Co. v. McKay*, (Tex.Civ.App. 1961 Amarillo) 348 S.W.2d 91, aff'd at (Tex. 1963) 366 S.W.2d 220.

■ Point 3 asserts the lost future earnings award is excessive. The rule is that the appeals court will not substitute its judgment for that of the jury in the absence of a clear showing of passion, bias, disregard of the evidence or other improper motive. *Dallas Railway & Terminal Co. v. Farnsworth*, 148 Tex. 584, 227 S.W.2d 1017; *Browning v. Paiz*, (Tex.Civ.App.1979 Corpus Christi) 586 S.W.2d 670, nre.

■ In light of the testimony discussed on Point 2, the award is not excessive. *Missouri Pacific Railroad Co. v. United Transports, Inc.*, (Tex.Civ.App.1975 Houston—1st Dist.) 518 S.W.2d 904, nre; *Chickasha Cotton Oil Co. v. Holloway*, supra. It is little

more than a quarter of Plaintiff's wages projected from past earnings.

Point 3 is overruled.

AFFIRMED.