TEXAS BAPTIST CHILDREN'S HOME
OF ROUND ROCK, Texas, Appellant,

v.

J. A. CORBITT, Guardian in the Estate of
Calvin Black et al., Appellee.

No. 7033.

Court of Civil Appeals of Texas.

Amarillo.

March 6, 1961.

Rehearing Denied April 3, 1961.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, Homer A. Davis, Dalhart, for appellant.

Richards & Ferguson, Dalhart, for appellees.

NORTHCUTT, Justice.

This is an appeal from a judgment of the District Court granting appellee a summary judgment that the plaintiff take nothing by its suit; that defendant's plea of abatement be granted and that plaintiff take nothing and the case in all things dismissed. Just why a summary judgment was entered and then sustaining defendant's plea of abatement and dismissing the case, we do not understand. Since the effect of the judgment is the same (as plaintiff was denied recovery under each order) regardless of whether it is a summary judgment, sustaining plea in abatement or a motion to dismiss, we will consider the case from the standpoint that the court held appellant was not entitled to recover under any theory. Texas Baptist Children's Home of Round Rock, Texas, plaintiff below, will be hereafter referred to as appellant and J. A. Corbitt as guardian, defendant below, will be hereafter referred to as appellee.

The appellant presents this appeal upon five points of error contending the court erred in granting appellee's motion for summary judgment; in granting appellee's plea in abatement; in granting appellee's motion to dismiss; in entering judgment appellant take nothing by its suit, and in refusing to enter judgment for appellant for the reasonable value of the maintenance, support and education furnished the minors in question for the four years

and ten months they were kept by the appellant under and by virtue of the order of the court entered on February 6, 1952. The appellee by his counterpoints contends the trial court was correct in each of the matters raised by appellant's points of error.

This case was before this court once before—321 S.W.2d 610, 614 (Writ refused, N.R.E.). The contention of the appellee in that appeal was that he, as guardian of the estate, was without authority under the provisions of the Social Security Act to approve any part of appellant's claim and that the trial court was without jurisdiction to hear appellant's alleged cause of action. The appellant here is the same party as the appellant in the former appeal. The final order in the former appeal was: "The judgment of the trial court is reversed and the cause is remanded for a consideration only of the accumulated benefits to the credit of the estate of the minors as governed by the provisions of the State laws."

There are so many conflicts in dates and matters presented in this record that it is hard to determine the correctness as to some of the actions herein. On July 12, 1951 in Cause No. 15 on the Juvenile docket of the District Court of Dallam County, Texas, Calvin Black, Wayne Black, and Paul Black, minors, were declared to be dependent and neglected children and their custody was given to their mother, Zelda Mae Black, for a probation period. Thereafter on February 6, 1952 the court amended said order in said Cause No. 15 removing the three minors from the custody of their mother and placing them in the custody of Texas Baptist Children's Home of Round Rock, Texas. The minors were delivered to the children's home on February 11, 1952. J. A. Corbitt, appellee here, has been the guardian of the estate of said minors at all times since said minors were placed with the appellant herein.

At different times before this suit was filed the appellant wrote letters to the ap-pellee seeking funds for support, maintenance and education furnished the three children. However, appellee never at any time paid the appellant anything. The appellant kept said minors from February 11, 1952 until December 22, 1956. On February 25, 1957 (approximately two months after the minors left the home) appellant filed a claim for $60 per month for each minor during the time they were in the home. Since appellee insists the claim is not such as to present a proper claim, we insert the full claim together with the refusal thereof by the guardian as follows:

"No. 894

| "Guardianship of | In the Probate Court |
|---|---|
| Calvin, Wayne & | of |
| Paul Black, minors | Dallam County, Texas |

"Affidavit of Claim against Estate

"The State of Texas
County of Dallam

"Before me, the undersigned authority, on this day personally appeared James S. McNabb, Jr., Acting Administrator of the Texas Baptist Children's Home of Round Rock, Texas, who having been by me duly sworn, on his oath says,

"That J. A. Corbitt, guardian of the estate of Calvin Black, Wayne Black, and Paul Black, minors, is duly indebted to the said Texas Baptist Children's Home for food, clothing, education and maintenance of said minors.

"Applicant would show that the above mentioned minors were placed in the care and custody of said home in July 1951, under the District Court order of Dallam County, Texas, same being Court Order No. 15 of the Juvenile Court of Dallam County, Texas.

"Since the death of said minors father, same being March 8, 1951, the estate of said minors has been receiving monthly benefits from the Social Security Administration. Said benefits amount approximately to $22.-20 for each child, which said amount

is now being paid to said guardian J. A. Corbitt for the benefit of said minors.

"The home expends approximately $60.00 per month for the support and maintenance of each boy. The Social Security benefits, above mentioned, would only pay a portion of their upkeep. It is imperative that the home receive these benefits in order that it may continue to contribute to the support and maintenance of these children.

"Since the time that these children were accepted by the home, nothing has been paid or delivered towards the payment of their upkeep; that this claim is a just claim and should be allowed.

"Wherefore, your applicant prays that the court enter the proper order granting to the said home the amounts of Social Security benefits which have been accumulated to date, and further enter the necessary orders whereby these Social Security Benefits will be paid direct to the home for the upkeep and maintenance of these *these* children.

"/s/ James S. McNabb, Jr.

"Subscribed and sworn to before me, by the said James S. McNabb, Jr., this 25th day of February, 1957, to certify which witness my hand and seal of office.

"(Notary Seal)    /s/ Betty Henry

"The above claim in the matter of the Guardianship of Calvin, Wayne and Paul Black, minors, is hereby refused.

Dated, this 28th day of March, 1957.

"/s/ J. A. Corbitt

"Guardian"

Although appellant pleaded in its original petition that no action had been taken on said claim it is shown the suit was filed within 90 days from the time the claim was refused or from the time it would have been considered denied.

On March 9, 1960 appellant filed its supplemental petition. On May 28, 1960 appellee filed his plea in abatement and motion to dismiss based upon appellant's supplemental petition and also on the same date filed his motion for summary judgment. On June 23, 1960 the trial court entered judgment granting a summary judgment that this appellant take nothing and granting appellee's plea in abatement and motion to dismiss. We think the trial court clearly erred in granting the plea in abatement and motion to dismiss appellant's cause of action because said plea in abatement and motion to dismiss was levelled solely at appellant's supplemental petition. We are of the opinion that there were several matters in the supplemental petition that should have been stricken if exceptions had been presented but this would not authorize the court to dismiss a case if the original petition alleged a cause of action. Since we are of the opinion the court erred in entering judgment sustaining appellee's plea in abatement and motion to dismiss, we will hereafter only consider the judgment where it involves the summary judgment.

It is appellee's contention upon which the motion for summary judgment is based that appellant never filed any claim for support, education and maintenance of said wards with the guardian, appellee here, or with the County Court of Dallam County, Texas, where their guardianship was pending, for allowance out of the corpus of the estate of said minors prior to the claim mentioned and set forth in the original petition and the guardian has never approved any claim either out of the income or corpus, and that said claim did not show that all legal offsets, payments and credits known to the affiant had been allowed. Appellee contended no claim was presented as required under Sec. 314, Texas Probate Code, V.A.T.S., which provides:

"No judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the representative of an estate or ward, and rejected by him or by the court, in whole or in part."

Appellee contends it was the supplemental petition that appellant was standing on when the plea in abatement and motion to dismiss was presented. We find nothing in this record that indicates that appellant ever abandoned its original petition or ever relied solely upon its supplemental petition. We think it is so clearly set out under Sec. 314 that no judgment shall be rendered in favor of a claimant who has not first presented his claim to the representative of the ward for money and rejected by the representative or by the court that no authorities are necessary to be cited. It was the further contention of appellee as follows:

"Under the law of this State, this Guardian could not approve the claim submitted on or about March 1, 1957, by Plaintiff herein, and disapproved the same, in that there was no income to the estate on hand at the time said claim was filed, and there is no income on hand in said guardianship at this time, there having been no prior order entered by the Probate Court authorizing the Guardian to invade the corpus to make payment to the Plaintiff herein for the support, education and maintenance of the wards, as required by law before such payment can be made."

■ As to the contention of appellee that the claim did not state that all legal offsets, payments and credits known to the affiant had been allowed, we are of the opinion that such statements were unnecessary in a claim where the claim clearly states that nothing had been paid or delivered toward the payment of the children's upkeep since they were accepted by the home. If nothing had been paid or received for their care, there had been no offset, payments or credits and it is undisputed that no payments have ever been made.

■ We are of the opinion that this claim is clearly an undetermined and uncertain amount, and is a suit upon an unliquidated demand. Under this record, we do not deem it necessary for us to pass upon the question of whether the payments received monthly from the Social Security Administration for each child were corpus or income. This is a suit for debt for the support and maintenance of said children.

In the case of Boykins v. Parr, Tex.Civ. App., 327 S.W.2d 463 (writ refused, N.R. E.) it is stated as follows:

"[1] Appellant says the trial court had no jurisdiction of the suit because the claim for services was not presented to the representative as required by Sec. 314, Texas Probate Code, V.A. T.S. The services alleged consisted of 'taking care of' the bedridden Martin, cooking, bathing, giving medication and acting as a male nurse and companion. It was alleged the reasonable value of these services was $75 per week. Since the action was for an undetermined and uncertain amount, this was a suit on an unliquidated demand. 1 Tex.Jur.2d p. 227; 25 C.J.S. Damages § 3, p. 461. As early as 1851, the Supreme Court announced the rule that presentation of a claim on an unliquidated demand was not a prerequisite to suit. Garrett v. Gaines, 6 Tex. 435, 444. There has since been no statutory change requiring a contrary holding. Massie v. De Shields, Tex.Civ.App., 62 S.W.2d 322, 325, (writ ref.); Wells v. Hobbs, 57 Tex. Civ.App. 375, 122 S.W. 451, 454; Johnson v. First Mortgage Loan Co., Tex. Civ.App., 135 S.W.2d 806, 808; Allen v. Denk, Tex.Civ.App., 87 S.W.2d 303, 307; 21 Tex.Jur. p. 201. The contention is overruled."

For the reasons stated and under the authority cited the judgment of the trial

court is reversed and the cause remanded for a consideration of the reasonable amount due and of only the accumulated benefits to the credit of the estate of the minors as governed by the provisions of the State laws.

Reversed and remanded.