Jack FOLLIOTT, Appellant,

v.

Gilda S. BOZEMAN et al., Appellees.

No. 934.

Court of Civil Appeals of Texas, Corpus Christi.

June 26, 1975.

Rehearing Denied Aug. 29, 1975.

Orrin W. Johnson, Johnson & Davis, Harlingen, for appellant.

Benjamin S. Hardy, Hardy, Sharpe & Rodriguez, Brownsville, for appellees.

## OPINION

YOUNG, Justice.

This suit to cancel a trustee's deed was brought in district court by three surviving children of Gilbert C. Sepulveda, deceased, against Jack Folliott, who was purchaser at the trustee's sale of 36.12 acres of land in Cameron County, Texas. Defendant filed several motions to abate and dismiss plaintiffs' suit, together with a cross-action for injunction and declaratory relief. In the cross action, defendant brought in as a cross-defendant Mrs. Gloria Sepulveda, Gilbert's surviving widow.

On May 1, 1974, the pleas in abatement and application for temporary injunction came on for hearing. There in open court the plaintiffs made their motion to dismiss for want of jurisdiction on grounds that the county court at law, sitting in probate, has exclusive jurisdiction of the matters urged by defendant because the decedent's estate is still pending there. After receiving evidence and after the conclusion of the hearing, the trial court on July 16, 1974, entered judgment partially set out as follows:

"It is, accordingly ORDERED that the Court does not accept jurisdiction for any purpose in the above case, and the respective claims and causes of action of the parties are accordingly dismissed with prejudice."

From that judgment all parties perfected their appeals. The plaintiffs, however, are here asking us to affirm the trial court's judgment. Although the defendant is also requesting us to affirm, he requests that we modify and reform the trial court's judgment so that it will reflect dismissal upon meritorious grounds rather than upon the jurisdictional ground relied on by the trial court.

In that regard, he says that the dismissal should have been predicated on the plaintiff's failure to tender into court the amount required to make defendant whole after the plaintiffs, by this suit, sought to invoke the equitable remedy of cancellation of the trustee's deed.

The plaintiffs counter by contending that the trial court dismissed properly on jurisdictional grounds because: when the amendment to Article V of Section 8 of the Texas Constitution was adopted by the voters on November 6, 1973, jurisdiction was changed from the district court to the statutory county court at law; that the estate of Gilbert C. Sepulveda, deceased, was in due course of administration; that the county court at law had obtained jurisdiction of the estate; that, having obtained jurisdiction, the county court at law was impowered to hear and determine all matters incident to the estate of the decedent, including all actions for trial of title to land incident to such estate, because of the amendment to section 5 of the Probate Code passed by our legislature in 1973 pursuant to the amendment of the Constitution's Article V.

The 32.12-acre tract of land in question has been subject to much attention since its

acquisition by Gilbert on March 29, 1966. He, thereafter, on October 27, 1966, conveyed a one-fourth undivided interest to each of two of his children, Raquel Sepulveda Aldama and Felix Sepulveda, who are two of the plaintiffs in this suit. Then he and the two children executed a deed of trust second lien on the tract April 26, 1967, in favor of the National Bank of Commerce of Brownsville; the first lien (a vendor's lien) had been impressed on the tract when it was originally purchased by Gilbert.

Gilbert died April 20, 1972. His widow, Gloria, as independent executrix named in his will, applied on September 14, 1972, for letters testamentary, caused a probate notice to be issued, and filed the will. Letters testamentary were issued to her on December 3, 1973, after she had filed her oath.

The note secured by the second lien became delinquent and the bank posted notices for foreclosure on June 5, 1973. On that day, the property was struck off to the defendant Folliott and he received the trustee's deed which is the subject of the present suit. He then paid off the first lien.

Then on April 23, 1974, Mrs. Sepulveda attempted to resign as independent executrix in deference to the other Sepulveda child, Gilda S. Bozeman, who together with the other two children are plaintiffs in this suit. That same day, Gilda was appointed by the probate court administratrix with will annexed of Gilbert's estate. The next day, April 24, 1974, the probate court vacated the order accepting the resignation of Gloria and appointing Gilda until a hearing could be had after due notice to all concerned. Those matters seem to be still pending. Nevertheless, on April 23, 1974, Gilda, as purported administratrix of Gilbert's estate, and the other two children filed this suit attempting to cancel the trustee's deed.

We note that at least five suits in district court and two suits in county court at law have been filed involving, either directly or indirectly, this Sepulveda tract of land. Until now the suit at bar is the only suit that has resulted in an appeal to this Court.

Our resolution of this appeal requires our examination of the pertinent constitutional and statutory provisions invoked by the parties: Tex.Const. art. V, § 16 and § 8 (Supp.1974); Tex.Rev.Civ.Stat.Ann. arts. 1906, 1951 (1964); Tex.Pro.Code Ann. § 5 (Supp.1974).

1. Article V, Section 16 provides in part: "County Courts; jurisdiction . . . *shall not have jurisdiction of suits for the recovery of land* . . . The County Court shall have the general jurisdiction of a Probate Court; . . ." (Emphasis supplied.)

2. Article V, Section 8 now provides in part (as amended in 1973):

"The district court, concurrently with the county court, shall have the general jurisdiction of a probate court. . . *The Legislature*, however, *shall have the power*, by local or general law, *Section 16 of Article V of this Constitution notwithstanding, to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters*, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change. . . ." (Emphasis supplied.)

3. Article 1906 provides in part: "The district court shall have original jurisdiction in civil cases of: . . . Suits for the trial of title to land and *for the enforcement of liens* thereon." (Emphasis supplied.)

4. Article 1951 provides in part: "The county court shall not have jurisdiction . . . of suits of the recovery of lands, *nor suits for the enforcement of lien upon land*, . . ." (Emphasis supplied.)

5. Section 5 now provides in part (as amended in 1973):

". . . In those counties where there is a statutory probate court,

county court at law, or other statutory court exercising the jurisdictions of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in such courts, and the constitutional county court, rather than in the district courts, . . . *All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including* but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate *and for the enforcement of liens thereon incident to an estate* and of all actions for trial of the right of property incident to an estate." (Emphasis supplied.)

All of which brings us back to the contentions of the parties. Plaintiffs would have us hold that the county court at law has *exclusive* jurisdiction of this suit because of that part of the amendment to section 5 of the Probate Code which states that all courts exercising original probate jurisdiction shall have power to hear all matters incident to an estate; including trials of title to land and of enforcement of liens. To so hold would require us to find that section 5 repeals that part of article 1906 which provides that the district court shall have original jurisdiction in suits for trial of title to land and of enforcement of liens.

On the other hand, the defendant would have us hold that the district court has, at least, *concurrent* jurisdiction with the county court at law of this suit because section 5 does not provide that it repeals article 1906, nor is that statute even mentioned in section 5. We accept the defendant's contentions.

■ We agree with the statement about this matter in 53 Tex.Jur.2d *Statutes* § 102, set out in part as follows:

"Where there is no express repeal, the presumption is that in enacting a new law the legislature intended the old statute to remain in operation. The two acts will persist unless the conflicting provisions are so antagonistic and repugnant that both cannot stand.

Repeal of statutes by implication is never favored or presumed. . . ."

We hold, therefore, that a reasonable construction of section 5 and article 1906 is that the district court and the county court at law had concurrent jurisdiction to hear this suit for the cancellation of a trustee's deed. The trial court, therefore, erred when it dismissed with prejudice on jurisdictional grounds the respective claims and cause of action of the parties.

■ Next, the problem is how to dispose of this appeal in that all parties request that we affirm the trial court's judgment; none request reversal. The defendant, however, asks us to reform that judgment to reflect a disposition on the merits. This we cannot do because the trial court, although receiving evidence, never ruled on the merits of the defendant's pleas in abatement and request for temporary injunction. See *Crow v. First Nat. Bank of Whitney*, 64 S.W.2d 377 (Tex.Civ.App.—Waco 1933, writ ref'd).

Because we have held in the foregoing part of this opinion that the district court had jurisdiction to try this case, including the pleas in abatement and application for temporary injunction, we reverse the trial court's judgment, based on jurisdictional grounds, of dismissal of the case. Rule 434, Texas Rules of Civil Procedure. Further, the trial court is instructed to reinstate the case on its docket for further proceedings in accordance with this opinion.

Reversed with instructions.