Sally HOPKINS et al., Appellants,

v.

Oneta DANIELS et al., Appellees.

No. 8597.

Court of Civil Appeals of Texas, Texarkana.

Sept. 26, 1978.

Rehearing Denied Oct. 3, 1978.

**414**

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellants.

Charles E. Thompson, Lovelace & Thompson, Atlanta, for appellees.

ODEN, Justice.

The appeal has been perfected by the statutory heirs of Bernard W. Hood from a judgment entered against them and in favor of the statutory heirs of Lora Gambell Hood in a trespass to try title action.

In 1926, Bernard W. Hood and Lora Gambell Hood were married. In 1947, they separated for several months, however, with that exception they lived together until shortly before Mrs. Hood's death in 1962. Mrs. Hood died intestate survived by two children by a prior marriage who were entitled to her share of the community estate under Section 45 of the Texas Probate Code. Mr. Hood died intestate in 1975 survived by the appellants, who, as his brothers, sisters and the descendants thereof, were entitled to his estate under Section 38(a) of the Texas Probate Code.

Mr. and Mrs. Hood acquired a 58 acre tract of land in Cass County on September 5, 1939, which was admittedly a part of their community estate at the time of acquisition. Appellants claim that title to the entire 58 acre tract should be awarded to them based upon their proving as a matter of law their allegations that Mr. and Mrs. Hood were divorced on August 23, 1948, in the District Court of Hopkins County, and, at that time, the 58 acre tract of land was set apart to Mr. Hood as part of his separate estate by virtue of a property settlement agreement executed by Mr. and Mrs. Hood on November 28, 1947. Appellees claim an undivided one-half interest in the 58 acre tract as the persons entitled to inherit Mrs. Hood's interest in the community estate under Section 45 of the Texas Probate Code. They deny the divorce occurred and, alternatively, allege that even if Mr. and Mrs. Hood were divorced, title to the entire 58 acres was not set aside to Mr. Hood as his separate property but rather was held by Mr. and Mrs. Hood as tenants in common because the property settlement agreement was not approved by the court in which the divorce was granted and the decree was otherwise silent as to the division of the 58 acre tract. See *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970), for appellees' authority for their alternate allegation. Appellees, upon proof of their alternate allegation, would inherit one-half of the property under Section 38(a) of the Texas Probate Code. The trial court sitting without a jury accepted appellees' version of the case and they were awarded judgment for an undivided one-half interest in the 58 acre tract.

■ We must initially determine if we have jurisdiction to decide the appeal. Mr. Hood was a resident of Marion County at the time of his death and his estate was being administered therein at the time of trial. Appellants claim that exclusive jurisdiction of the suit on appeal was vested in the court exercising original probate jurisdiction in Marion County under Section 5(d) of the Texas Probate Code (Supp.1978) which states, in part:

"All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills. . . ."

Appellees allege that the District Court of Cass County at least had concurrent juris-

diction with the Marion County court. We agree with appellees. The suit is one for the title to land. Article 1906, Tex.Rev.Civ. Stat.Ann., provides, in part, that the district court has jurisdiction in civil cases for the title to land. Section 5(d) of the Texas Probate Code (Supp.1978) did not repeal Article 1906, Tex.Rev.Civ.Stat.Ann. *Folliott v. Bozeman,* 526 S.W.2d 577 (Tex.Civ. App. Corpus Christi 1975, writ ref'd n. r. e.). In arriving at our decision, we have assumed that the Marion County court which exercised original probate jurisdiction of Mr. Hood's estate had jurisdiction to hear the controversy under review and for that reason it has not been necessary for us to determine if the controversy involved is a matter "incident to an estate" as that term is used in Section 5(d) of the Texas Probate Code (Supp.1978).

■ Appellees did not request any findings of fact nor were any filed. It is presumed on appeal under such circumstances that the trial judge found every issue of fact necessary to sustain the judgment provided such fact issue is raised by the pleadings and supported by the evidence. *Buchanan v. Byrd,* 519 S.W.2d 841 (Tex.1975); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1951).

The pleadings under review place the existence of a divorce into issue. Appellees, who were plaintiffs in the trial court, alleged in their original petition that the 58 acre tract was part of Mr. and Mrs. Hood's community estate and that they inherited Mrs. Hood's one-half interest upon her death. The 58 acres could not have been community property at the time of Mrs. Hood's death in 1962 if she had been divorced from Mr. Hood in 1948 because the community estate would have been dissolved by the divorce.

■ Assuming appellees had the burden to prove the non-existence of a divorce, there is evidence in the record to support such a finding. Appellants, in an effort to prove the divorce, introduced the papers in a divorce action styled "Mrs. *Lola* Hood v. B. W. Hood" and being Cause No. 11753 on the docket of the District Court of Hopkins County in 1948. (Emphasis added.) The papers consisted of a petition for divorce, a waiver of citation, and a divorce decree which was entered on August 23, 1948. Appellees denied that the parties to the Hopkins County divorce proceedings were one and the same persons as the Mr. and Mrs. Hood who acquired the 58 acre tract of land in Cass County and in support of their denial pointed out that Mrs. Hood's given name was "Lora" rather than "Lola" and that the signature of Lola Hood on the petition for divorce was not that of Mrs. Hood. There was testimony to the effect that Mr. and Mrs. Hood were never divorced and that they lived together continuously from 1948 (the year of the alleged divorce) until shortly before Mrs. Hood's death in 1962. The best evidence of a divorce is normally a decree of a court of competent jurisdiction, *United States Fidelity & Guaranty Co. v. Henderson,* 53 S.W.2d 811 (Tex.Civ.App. Amarillo 1932, no writ); however, under the circumstances, the introduction of the papers from the divorce proceedings which occurred in Hopkins County District Court in 1948 did not prove as a matter of law that the Mr. and Mrs. Hood who were divorced thereby were one and the same persons as the Mr. and Mrs. Hood who acquired title to the 58 acre tract of land in 1939.

The judgment under review will be affirmed because we must presume that the trial judge found that Mr. and Mrs. Hood were never divorced inasmuch as such a finding will sustain the judgment under review. The 58 acres was community property immediately before the community estate was dissolved by Mrs. Hood's death in 1962. At that time, appellees, as Mrs. Hood's surviving children, acquired title to an undivided one-half interest in the 58 acres under Section 45 of the Texas Probate Code.

We have reviewed appellants' other points of error and find them to be without merit. They are accordingly overruled.

The judgment of the trial court is affirmed.

CORNELIUS, C. J., not participating.