**Danna McPHERSON, Appellant,**

**v.**

**John JUDGE, Temporary Administrator of the Estate of Russell Lance Brown, Deceased, Appellee.**

**No. 9062.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 12, 1979.

Jack Hazlewood, Amarillo, for appellant.

Herman Jesko, Gibson, Ochsner & Adkins, Amarillo, for appellee.

COUNTISS, Justice.

Appellant, Danna McPherson, appeals from a final judgment of the district court dismissing her personal injury suit against appellee, John Judge, in his capacity as temporary administrator of the estate of Russell Lance Brown, deceased. The appeal presents two questions: (1) Does the

constitutional county court[1] administering the estate of a deceased defendant have exclusive jurisdiction of a personal injury suit against the estate and (2) if the district court has concurrent jurisdiction with the county court over the case, can the district court abate the case "pending the exercise of jurisdiction" by the county court? We answer both questions in the negative, reverse the judgment of the district court and remand the case with instructions.

McPherson filed this suit on December 6, 1978, against Judge, temporary administrator of Brown's estate, in a district court of Potter County, Texas. She alleged the negligence of the decedent, Brown, in Potter County on August 16, 1977, proximately caused an automobile collision that resulted in personal injuries to her in excess of the minimum jurisdiction of the district court. Judge responded with a plea to the jurisdiction seeking dismissal of the case. He alleged the suit was a claim against the estate and, consequently, the district court had no jurisdiction because the pending administration in the county court of Randall County vested that court with original jurisdiction of all claims against the estate. After a hearing on the plea, the trial court entered an order on January 24, 1979, stating it was "of the opinion that the claim herein asserted should be prosecuted in the court of original jurisdiction in Randall County, Texas" and dismissing the cause.

McPherson's single point of error complains of the trial court's error in sustaining the plea and dismissing the case. Judge's first counterpoint contends the county court of Randall County, sitting as the probate court, has exclusive jurisdiction of this case since it is a claim incident to the Brown estate. In his second counterpoint he contends, alternatively, that the district court has concurrent jurisdiction with the county court, and the case should be abated "pending the exercise of jurisdiction" by the county court.

1. References henceforth to the county court are to the constitutional county court of Randall County. There were no active statutory county

## JURISDICTION

■ The resolution of the first question before the court depends upon the construction and interpretation of Article 5, Section 8 of the Texas Constitution as amended in 1973, Article 1906(6) of the Texas Revised Civil Statutes Annotated and Section 5 of the Probate Code as amended in 1973, and subsequently, for the purpose of implementing the constitutional amendment. Prior to 1973, a personal injury suit against a decedent's estate was a civil action clearly within the jurisdiction of the district court if monetary damages of five hundred dollars or more were alleged, and was exclusively within its jurisdiction if the alleged damages exceeded one thousand dollars. Tex. Const. art. V, §§ 8, 16; Tex.Rev.Civ.Stat. Ann. arts. 1906, 1950 (Vernon 1964); see Allen v. Denk, 87 S.W.2d 303, 306–07 (Tex. Civ.App.—Austin 1935, no writ).

In 1973, Article 5, Section 8 of the Texas Constitution, which establishes the basic civil and criminal jurisdiction of the district court, was amended by the addition of a third paragraph giving the district court general probate jurisdiction under the control of the legislature. The legislature was specifically empowered to "increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters . . . ." Tex.Const. art. V, § 8. Pursuant to that grant of power, the legislature amended Section 5 of the Probate Code, and the pertinent provisions in effect during the dates material to this case read as follows:

\*　　\*　　\*　　\*　　\*　　\*

(b) In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his

or probate courts in Randall County during the dates pertinent to this case.

own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court. In contested matters transferred to the district court in those counties, the district court, concurrently with the county court, shall have the general jurisdiction of a probate court, and it shall . . . settle accounts of executors, transact all business appertaining to deceased persons . . . including the settlement, partition, and distribution of estates of deceased persons . . . as provided by law. Upon resolution of all pending contested matters, the probate proceeding shall be transferred by the district court to the county court for further proceedings not inconsistent with the orders of the district court.

\* \* \* \* \* \*

(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills. . .

Tex.Prob.Code Ann. § 5(b), (d) (Vernon Supp. 1978-1979).

Judge contends the foregoing provisions of Section 5 of the Probate Code divest the district court of its traditional jurisdiction over this case and place exclusive jurisdiction in the county court administering the estate. In summary, Judge maintains Section 5(b) requires all "probate matters" to be filed initially in the constitutional county court and Section 5(d) makes a claim against an estate a "probate matter," thereby necessitating its origination in the county court.[2]

Our analysis of the applicable law convinces us the district court has original jurisdiction of this case. The suit is, in a strict sense, a claim against the estate, see Section 3(c) of the Probate Code, but it is an unliquidated claim that does not require presentment to and rejection by the representative of the estate or the probate court as a predicate for judgment under Section 314 of the Probate Code. *Texas Baptist Children's Home v. Corbitt*, 345 S.W.2d 339, 342 (Tex.Civ.App.—Amarillo 1961, writ ref'd n. r. e.); *Allen v. Denk, supra,* at 306. It is also an ordinary civil action which, under the specific language of Article 5, Section 8 of the Texas Constitution, implemented by Article 1906(6) of the Texas Revised Civil Statutes Annotated, comes within the district court's jurisdiction because it involves the requisite monetary amount.

■ None of the constitutional or statutory provisions cited above expressly repeal the pertinent parts of Article 5, Section 8 of the Texas Constitution or Article 1906(6) of the Texas Revised Civil Statutes Annotated and divest the district court of this traditional civil jurisdiction. Nor do we find any irreconcilable conflict between the cited provisions requiring us to conclude that Section 5 of the Probate Code attempts a repeal of jurisdiction by implication. *See Cluck v. Hester*, 521 S.W.2d 845, 847 (Tex. 1975). Although Section 5(d) of the Probate Code gives to the county court, as a court exercising original probate jurisdiction, the *power* to hear all matters incident to an estate, including claims against an estate, it does not require those claims to be heard exclusively in that court. Nor does it or Section 5(b) state that such a claim is a probate matter that "shall be" heard in the county court under Section 5(b).

The jurisdiction placed exclusively in the county court under Section 5(b) obviously pertains to matters traditionally regarded

---

2. Of course, the case could be transferred to a district court of Randall County under Section 5(b) on the motion of the county judge or either party. Tex.Prob.Code Ann. § 5(b) (Vernon Supp. 1978-1979). However, Judge's theory would eliminate the choice of forum given the

plaintiff under Article 1995 of the Texas Revised Civil Statutes Annotated and require disposition of the case in either the district or county court in Randall County instead of the district court in Potter County where originally filed.

as probate or administration matters that relate directly to the handling of the estate. The language of Section 5(b) speaks in terms of "jurisdiction of a probate court," "contested probate matters" and "probate proceeding," and it is the traditional probate court functions that "shall be filed" in the county court. If we assume the power of the legislature to control "probate matters" under Article 5, Section 8 of the Texas Constitution extends to matters incident to an estate such as an unliquidated claim against an estate, the most that can be derived from a reading of Sections 5(b) and (d) of the Probate Code is that the county court has concurrent jurisdiction of this case.[3]

Recent decisions by other courts of civil appeals support our conclusions. Contentions similar to Judge's were advanced and rejected in *Petsch v. Slator*, 573 S.W.2d 849 (Tex.Civ.App.—Austin 1978, writ ref'd n. r. e.) (will construction), *Hopkins v. Daniels*, 571 S.W.2d 413 (Tex.Civ.App.—Texarkana 1978, writ ref'd n. r. e.) (trial of title to land) and *Canada v. Ezer*, 584 S.W.2d 568 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) (constructive trust). *Petsch* and *Hopkins* involved "matters incident to an estate",listed in Section 5(d) of the Probate Code, as does this case. Those courts concluded, as we do, that the listing of those matters does not in any manner deprive the

district court of its original jurisdiction over them.

Cases involving confrontations between statutory county, probate and district courts have reached similar results. *Boyd v. Ratliff*, 541 S.W.2d 223 (Tex.Civ.App.— Dallas 1976, writ dism'd); *Folliott v. Bozeman*, 526 S.W.2d 577 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).[4]

Judge relies upon *Cowgill v. White*, 543 S.W.2d 437 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.) and *Parr v. White*, 543 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.) to support his contention that the county court has exclusive jurisdiction. We do not regard those decisions as authoritative in this case. They involved jurisdictional problems between a district court and a statutory probate court and are based upon a construction of Section 5(c) of the Probate Code. Also, the causes of action held to be within the exclusive jurisdiction of the probate court concerned the settlement, partition and distribution of the estate in question. The primary disputes were between the husband of the decedent and others over ownership and control of property which the husband sought to exclude from estate control. Although the court makes reference to matters incident to an estate, it is obvious that the court considered the causes of action to involve probate matters directly affecting the administration of the estate.

---

3. We realize of course, the county court has exclusive jurisdiction over the case if the alleged damages exceed $200 and do not exceed $500, and concurrent jurisdiction with the district court if the alleged damages exceed $500 and do not exceed $1,000. That jurisdiction, however, is bestowed by Article 5, Section 16 of the Texas Constitution and not by Section 5 of the Probate Code.

4. Reliance upon decisions involving the statutory courts should be tempered by a careful reading of the 1979 Legislative Amendments to Section 5 and the new Section 5A of the Probate Code. Section 5A(b) states: "In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court." 1979 Tex.Sess.Law Serv., ch. 713, § 5A(b), at 1741. The failure of the legislature

to enact the same provision for constitutional county courts vis-a-vis district courts is an additional indication that there is no legislative intent to give the constitutional county courts exclusive jurisdiction of matters incident to an estate. We are not required to decide and, thus, do not decide the underlying constitutional question present in this area; that is, whether the grant of power given the legislature under Article 5, Section 8 of the Texas Constitution to control jurisdiction in "probate matters" empowers it to divest the district court of its constitutional jurisdiction over civil matters that are only ancillary to estate administration but are defined by the legislature as "incident to an estate." An excellent analysis of this problem area is presented in the comment by Thomas Milton Stanley entitled: "Section 5 of the Texas Probate Code: An Indirect Reduction of District Court Jurisdiction?" 30 Baylor L.Rev. 129 (1978).

This case, however, is a personal injury action based upon an automobile collision allegedly caused by the negligence of Brown prior to his death, and it cannot be equated with a dispute over ownership and control of the property in an estate.

In summary, we hold the district court of Potter County has jurisdiction of this case and that Sections 5(b) and (d) of the Probate Code do not diminish that jurisdiction. McPherson's point of error is sustained.

## ABATEMENT

■ Judge contends, alternatively, that the county court has concurrent jurisdiction of this case and it should be abated by the district court "pending the exercise of jurisdiction" by the county court. He contends the statement of the district court in its Order of Dismissal declaring "the Court is of the opinion that the claim herein asserted should be prosecuted in the court of original jurisdiction in Randall County, Texas" is an unchallenged finding of fact binding on this court; thus, the only error was dismissal of the case instead of abatement. We do not agree. The statement can only be construed as the trial court's legal basis for dismissal. As such, it is subject to review.

■ The only reason advanced by Judge for abatement of the case is the possible concurrent jurisdiction of the county court. We have not been cited to, nor have we found, a case holding the existence of unexercised concurrent jurisdiction in some other court to be a valid reason, standing alone, for abatement of a case.[5] We are not willing to formulate a rule that would permit a court to decline to adjudicate a case solely because some other court also has potential jurisdiction of the same type of case.

The judgment of the trial court is reversed, and the case is remanded with instructions to reinstate it on the docket of the district court.

---

5. Approved grounds for abatement are collected in 1 Tex.Jur.2d *Abatement and Revival* §§ 2–68 (1959) & (Supp.1978).