Stephen CHAPMAN, Temporary Administrator, Estate of Don Dale Acrey, and all Occupants of Northwest Pub, Appellant,

v.

SOUTHERN HOSPITALITIES, INC., Appellee.

No. 1508.

Court of Appeals of Texas, Tyler.

Oct. 29, 1981.

Stephen Chapman, Plano, for appellant.

William V. Counts, Jr., Dallas, for appellee.

MOORE, Justice.

This is an appeal from a judgment of forceable entry and detainer. Defendant, Stephen Chapman, as temporary administrator of the estate of Don Dale Acrey, appeals a judgment from the County Court at Law awarding plaintiff-lessor, Southern Hospitalities, Inc., possession of the premises, past-due rent and attorney's fees.

We affirm.

In June 1978 appellee Southern and Don Dale Acrey entered into a lease contract with Acrey as tenant for property situated in Dallas County, known as the Northwest Pub. Acrey died and by order dated October 10, 1979, the Probate Court of Dallas County appointed Stephen Chapman, appellant, as Temporary Administrator of the Estate of Acrey. Appellant failed and refused to pay appellee the rent due under the lease contract on the due dates of October 15, November 15 and December 15 of 1979, and January 15, 1980.

In February 1980 appellee brought suit in the Justice of the Peace Court of Dallas County, Precinct 2, Place 1. Judgment was for appellee. Appellant appealed to the County Court at Law No. 5. Trial on the pleadings was held before the judge sitting without a jury and judgment was again for appellee. There were no findings of fact or conclusions of law filed or requested. No motion for new trial was filed.

Appellant brings five points of error. Appellant's first point of error alleges that the County Court at Law erred in overruling appellant's plea to the jurisdiction.

Prior to trial at the County Court at Law No. 5, appellant filed a motion to transfer the action to the Statutory Probate Court of Dallas County which had already exercised original probate jurisdiction over the decedent Acrey's estate. This motion was denied by the County Court at Law. Appellant alleges that under Tex.Prob.Code Ann. sec. 5 (Vernon 1980), the Statutory

Probate Court has exclusive jurisdiction. Section 5(c) states: "In those counties where there is a statutory probate court ... all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in such courts .... In contested probate matters, the judge of the constitutional county court may on his own motion, and shall on the motion of any party to the proceeding, transfer the proceeding to the statutory probate court ... which may then hear the proceeding as if originally filed in such court." Section 5(d) states in pertinent part: "All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate." "Incident to the estate" is defined in Section 5A(b) as:

"In proceedings in the statutory probate courts ... the phrases 'appertaining to estates' and 'incident to an estate' in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons."

■ Appellant contends that the forceable entry and detainer action is incident to the estate and thus the statutory probate court had exclusive jurisdiction to hear this suit. We are not in agreement with this contention.

The County Court at Law had subject matter jurisdiction of the issues tried below. Tex.Const. art. V. secs. 16 and 22; Tex.Rev. Civ.Stat.Ann. arts. 1950 and 1970a (Vernon 1964). It had appellate jurisdiction of the forceable entry and detainer action, Tex. Const. art. V sec. 16; Tex.Rev.Civ.Stat.Ann. art. 1952 (Vernon 1964), over which the Justice Court had original jurisdiction.

Tex.Const. art. V sec. 19; Tex.Rev.Civ.Stat. Ann. art. 2385 (Vernon Supp. 1980–81).

The constitutional amendments passed since 1973 relating to changes in Probate jurisdiction, Tex.Const. art. V. sec. 8, and the statutory enactments incorporated in secs. 5(b), 5(c), 5(d), and 5A in no way, expressly or impliedly, restrict, divest or repeal any of these said pre-existing affirmative statutory and constitutional grants of subject matter jurisdiction to the Justice Court and the County Court at Law of the instant case. Absent an express repeal, we must presume the legislature intended the old statute to remain in operation. *Folliott v. Bozeman*, 526 S.W.2d 577 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).

The jurisdiction placed exclusively in the statutory probate court under sec. 5(c) obviously pertains to matters traditionally regarded as probate or administration matters that relate directly to the handling of the estate. See *McPherson v. Judge*, 592 S.W.2d 406 (Tex.Civ.App.—Amarillo 1979, no writ); *Boyd v. Ratliff*, 541 S.W.2d 223 (Tex.Civ.App.—Dallas 1976, writ dism'd). The language of sec. 5(c) speaks in terms of "jurisdiction of a probate court," "contested probate matters" and probate "proceedings," and it is the traditional probate court functions that "shall be filed" in the statutory probate court. Although sec. 5(d) of the probate code gives the statutory probate court the *power* to hear all matters incident to an estate, it does not require those claims to be heard exclusively in that court. We conclude, therefore, that the Constitutional County Court at Law had concurrent jurisdiction with the statutory Probate Court of Dallas County. Appellant's first point of error is overruled.

Appellant's second point of error contends that the trial court erred in admitting the lease contract into evidence over his objection without direct testimony of due execution. We note from the record that appellant failed to file a sworn denial of the genuineness of the endorsement on the lease agreement. Under Texas Rules of Civil Procedure 93(h) denial of execution of a written instrument must be verified or the instrument will be received into evidence as fully proved. *Vahlsing, Inc. v. Missouri Pac. Ry. Co.*, 563 S.W.2d 669 (Tex. Civ.App.—Corpus Christi 1978, no writ). Consequently the ruling of the court fails to reflect error. Appellant's second point of error is overruled.

In point of error number three, appellant asserts that the trial judge erred in admitting over appellant's objection, appellee's exhibit number two, the letter demanding payment of the rent. Under this point of error, appellant cites no authority and his argument does little more than restate his point of error. A point of error that is not briefed does not meet the requirements of Rule 418(e), Texas Rules of Civil Procedure and is considered waived. *Ozuna v. Dyer Fruit Box Mfg. Co.*, 606 S.W.2d 334 (Tex.Civ.App.—Tyler 1980, no writ); *Ottis v. Haas*, 569 S.W.2d 508 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). Appellant's third point of error is overruled.

In his fourth point of error appellant asserts that the trial court erred in awarding appellee attorney's fees. Appellant contends that the evidence presented by appellee's attorney was so vague as to preclude effective cross-examination. The record reflects that appellant initially objected to the evidence but later withdrew his objection. Without an objection this point was not properly preserved and cannot be considered. Tex.R.Civ.P. 373; *Beken v. Elstner*, 503 S.W.2d 408 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

Appellant's last point of error contends the trial court erred in awarding appellee all past rents since appellant presented evidence of mitigation. Appellant's evidence of mitigation was an offer to pay past-due rent subject to the approval of the probate court. However, even assuming this was a correct tender, we do not believe the doctrine of mitigation is applicable in the instant suit. This case involves a claim for a liquidated sum of money (past-due rental payments). The doctrine of mit-

igation of damages involves the failure of an injured party to take some action whereby as a result of his inaction his injuries or damages become aggravated. See 5 Corbin on Contracts sec. 1039 (2d Ed. 1964). There is no evidence that appellee's damages have become aggravated or increased by reason of its failure to accept appellant's tender of past-due rents. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.