**Chuck ADAMS, Jr., Appellant,**

v.

**R.W. CALLOWAY, Administrator of Estate of Charles W. Adams, Appellee.**

No. 13-83-217-CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1983.

Bertran T. Bader, III, Cox & Bader, Dallas, for appellant.

Cecil D. Elfenbein, Law Offices of Cecil D. Elfenbein, Dallas, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This appeal is from an order granting appellee R.W. Calloway's Plea in Abatement. On June 18, 1980, appellant Chuck Adams, Jr., hereinafter "plaintiff," filed a tort action in the 14th District Court of Dallas County, Texas, against appellee R.W. Calloway, Administrator of the Estate of Charles W. Adams, hereinafter "defendant."

The plaintiff's tort action arose out of an airplane crash on November 18, 1978, in which Charles W. Adams was killed and the plaintiff was injured. Plaintiff's petition was answered with a Plea in Abatement which alleged that § 5A of the Texas Probate Code gave exclusive jurisdiction to Probate Court No. 3 of Dallas County wherein probate of Charles W. Adams' Estate was pending. The trial court sustained the Plea in Abatement on January 23, 1981, but apparently gave no notice of this order to either party. Plaintiff discovered on April 1, 1981, that the order had been issued. Plaintiff then commenced a Bill of Review proceeding in April, 1981. The trial court, on February 19, 1982, sustained plaintiff's contentions in his Bill of Review, and set the matter for trial on the merits. The trial court then, on July 1, 1982, again sustained the defendant's Plea in Abatement with regard to the exclusive jurisdiction of Probate Court No. 3. The order provides in relevant part as follows:

"The Court, after further reviewing the matter, is now of the opinion that the Court's finding No. 10 in its pre-trial order on the Bill of Review was erroneous, and the Court now finds:

1. The Texas Probate Code, Section 5A(b) does not diminish the jurisdiction of the District Court in contravention of the Texas Constitution and merely fixes venue of 'any cause of action . . . incident to an estate.'

2. The Texas Probate Code, Section 5A(b) specifically mandated venue of a matter incident to an estate in the Statutory Probate Court 'in situations where the jurisdiction of a Statutory Probate

Court is concurrent with that of a District Court ...'"

3. Plaintiff's cause of action arises from the same facts that create the estate, and any relief obtained would have to be against the estate of the Defendant.

4. The cause of action asserted by Plaintiff is a matter 'incident to an estate' within the meaning of Texas Probate Code, Section 5A.

5. Venue of the instant cause of action is proper in Probate Court Number 3 of Dallas County inasmuch as there was pending a probate proceeding at the time of the filing of this action, hence, an estate to which this matter may be 'incident.'

It is therefore the opinion of the Court that the order of this Court in Cause No. 806489–A was done without notice to the Plaintiff and done in such a way as to prejudice the Plaintiff's rights, but that the Court is of the opinion that the Court's original determination of exclusive venue in Probate Court No. 3 in response to Defendant's Plea of Abatement is correct and that this Court is unable to grant the relief sought by Plaintiff on the merits, and that this cause must be in all things dismissed. It is accordingly

ORDERED, ADJUDGED AND DECREED that Plaintiff's action is hereby in all things dismissed without prejudice to the Plaintiff refiling same in Probate Court No. 3 of Dallas County, Texas."

It is from this order that plaintiff now appeals.

Plaintiff raises one point of error on appeal. He asserts that the district court erred in dismissing his Bill of Review because it had jurisdiction of the claim. An examination of the applicable law relating to probate jurisdiction is, therefore, in order.

In 1973, the Legislature modified the jurisdiction relating to probate matters. The purpose was to streamline the procedural aspects of probate affairs. The Legislature proposed an amendment to Article V, Section 8 of the Texas Constitution which gave the Legislature, "the power, by local or general law, Section 16 of Article V of this Constitution notwithstanding, to increase, diminish, or eliminate the jurisdiction of either the district court or the county court in probate matters, and in cases of any such change of jurisdiction, the legislature shall also conform the jurisdiction of the other courts to such change." Tex. Const. art. V, § 8 (1891, amended 1973). The amendment was adopted on November 6, 1973. Pursuant to this constitutional authority, the Legislature amended § 5 of the Texas Probate Code. Section 5(d), effective August 27, 1979, provides:

"All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate. When a surety is called on to perform in place of an administrator or guardian, all courts exercising original probate jurisdiction may award judgment against the personal representative in favor of his surety in the same suit."

In 1979, the Legislature also added § 5A, which became effective August 27, 1979. Section 5A(b) provides:

"In proceedings in the statutory probate courts and district courts, the phrases 'appertaining to estates' and 'incident to an estate' in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any guardianship, heirship proceeding, or decedent's estate, including estates ad-

ministered by an independent executor. This subsection shall be construed in conjunction with and in harmony with Section 145 and all other sections of this Code dealing with independent executors, but shall not be construed so as to increase permissible judicial control over independent executors. All statutory probate courts shall have the same powers over independent executors that are exercisable by the district courts. In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

Article V, Section 8 of the Texas Constitution clearly gave the Legislature the power to diminish the jurisdiction of the district court in probate matters by general or local law. Section 5(d) of the Probate Code gave all courts exercising original jurisdiction in probate matters the power to hear all matters incident to an estate.

TEX.REV.CIV.STAT.ANN. art. 1970–31c, (Vernon Supp.1982–83), created Probate Court No. 3 of Dallas County and gave it general probate jurisdiction concurrent with the County Court and the other two statutory probate courts. Section 5A(b) of the Probate Code defined the phrase "incident to an estate" as "all claims by or against an estate." Section 5A(b) further provides that where the jurisdiction of the statutory probate court and the district court are concurrent, any cause of action incident to an estate must be brought in the statutory probate court rather than the district court.

■ Plaintiff contends that an unliquidated tort claim does not fall within the ambit of matters incident to the estate and so was properly brought in the district court. We do not agree. The problem with this contention is that § 5A(b) covers *all* claims against an estate. Since Charles W. Adams' estate was in existence at the time of filing of suit and a probate proceeding concerning it was pending in Probate Court

No. 3, at all pertinent times, there is no sound reason for this claim not to be considered as an "incident" to the estate of decedent. In addition, the same facts gave rise to both plaintiff's claim and the estate itself, so this cannot be considered to be a claim which was initiated against a living person, and is being transferred to Probate Court No. 3 solely because of his death.

■ The Supreme Court has held that a cause of action for conversion brought by the executor of an estate falls within the ambit of matters incident to an estate. *English v. Cobb,* 593 S.W.2d 674 (Tex.1979). In *Seay v. Hall,* No. 05–82–00574–CV, —— S.W.2d —— (Tex.App.—Dallas, Sept. 30, 1983, no writ), the Court of Appeals held that a survival cause of action belonged to the estate and so was incident to the estate in the sense that it was a claim by the estate. Since tort claims brought on behalf of, or *by* the estate can be considered as *incident* to the estate, it follows that other tort claims *against* the estate can also be considered as *incident* to the estate under the § 5A(b) definition. Since § 5A(b) also provides that claims incident to the estate must be brought in the statutory probate court, it also follows that a tort claim against the estate *must* be brought in that court, which in this case is Probate Court No. 3 of Dallas County.

Earlier cases have held that the district court has concurrent jurisdiction with the court administering the estate of a decedent. *McPherson v. Judge,* 592 S.W.2d 406 (Tex.Civ.App.—Amarillo 1979, no writ); *Folliott v. Bozeman,* 526 S.W.2d 577 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). We feel that neither of these cases are controlling. First of all, both were decided under the law existing prior to the addition of § 5A(b). In *MacPherson,* the Court of Civil Appeals was not willing to permit the district court to decline to adjudicate a case solely because some other court also had potential jurisdiction over the case. In the case at bar, both courts have concurrent jurisdiction, but one is mandated by statute to hear all claims against an estate.

Plaintiff further argues that the only reason that this lawsuit is incident to the estate is that it is against the personal representative of the estate because the tortfeasor is dead. That is precisely the point. Probate courts exist in our large metropolitan counties to settle all claims against the estates of decedents. The death of a natural person is the triggering event which sets the entire probate scheme in action. The Legislature has determined that claims incident to a decedent's estate belong in these special courts, at least in our large metropolitan counties where the other courts of competent jurisdiction have crowded dockets.

Plaintiff also argues that an unliquidated tort claim is of such a nature to be unsuitable for trial in a statutory probate court. We cannot agree that a statutory probate court such as this one, which must be presided over by a judge who is a licensed attorney with at least five years' experience in the practice of law, would be an unsuitable place for trial of an unliquidated tort claim.

Finally, the Legislature clearly spoke of *all* claims by and against an estate. In doing so, the Legislature said that all claims incident to an estate be brought in a statutory probate court where one exists. The Legislature did not say that the statutory probate court's jurisdiction was dependent on the nature of the claim, but on whether the claim was brought by or against an estate over which the statutory probate court already had jurisdiction.

We hold that Probate Court No. 3 of Dallas County properly had jurisdiction over this cause of action. Thus, where an administration of an estate is pending, any claim which is *incident* to the estate shall be brought in the statutory probate court. *Boman v. Howell*, 618 S.W.2d 913 (Tex.Civ. App.—Fort Worth 1981, no writ). Because Probate Court No. 3 of Dallas County had probate jurisdiction in opening the administration of decedent's estate, it now has jurisdiction for all incident claims. *Seay v. Hall*, supra.

The judgment of the trial court is AFFIRMED.