EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a promissory note case. After a judgment was rendered against him for the principal and interest due upon the note, the maker of the note, the defendant, has appealed and raises three issues.
I
The defendant is a physician. At considerable expense to Red Bay Hospital (the hospital), he was recruited to relocate his Missouri medical practice to Red Bay, Alabama. When the defendant was at the point of actually moving, he was short' of funds and borrowed $6,000 from the hospital to enable him to relocate in Red Bay. He executed a note in the amount of $6,000, payable to the hospital. The $6,000 was paid to him from the Hospital Operating Board Account, which is maintained by the City of Red Bay (the city). That particular account is funded strictly from a one-half cent sales tax enacted by the city for hospital purposes.
When the defendant moved to Red Bay, he entered into a working agreement through two other doctors with the Medical Clinic of Red Bay (the clinic), whereby he became an associate physician in the clinic and was to receive a $6,000 per month minimum salary. The clinic and the hospital guaranteed that salary. If the defendant earned $6,000 or more in a particular month, neither had to pay him extra, but, if there was a shortfall, the deficit would be equally split between the hospital and the clinic, with the clinic billing the hospital for one-half of any monthly shortfall, whereupon the hospital’s portion of the shortfall was then paid to the clinic by the hospital.
The defendant earned $6,505 over the ten-month period for his services in the hospital’s emergency room. Those earnings were paid each month by the hospital by checks payable to the defendant. Those checks were sent by the hospital to the clinic for accounting purposes. Under a working agreement, which had been executed by the defendant and the clinic, all of *831 the defendant’s income from emergency room work was to apply upon his guaranteed salary.
The defendant contends that the hospital should have mitigated its damages by applying his earnings in the emergency room upon his note indebtedness.
The avoidable consequences field of law is also known as the doctrine of mitigation of damages. When the legal authorities upon that subject are studied, it is evident that one of its aspects involves the failure of a damaged party to take some reasonable action which causes an aggravation of his injury or damages. In such a case, a plaintiff cannot recover for any loss to the extent that the loss was increased by his failure to reasonably act. See, e.g., Chapman v. Southern Hospitalities, Inc., 624 S.W.2d 320 (Tex.App.1981); 5 A. Corbin, Corbin on Contracts § 1039, at 242 (1964); C. McCormick, McCormick’s Handbook on the Law of Damages, § 34 (1935). Here, there was no aggravation of damages and no increase in any loss to the hospital which was occasioned by the hospital’s failure to apply any of the defendant’s emergency room fees towards payment of the note. The trial court could have readily ascertained that the doctrine of mitigation of damages had no application as between the hospital and the defendant under the circumstances of this case.
II '
The defendant filed a counterclaim against the hospital for his emergency room services, and relief thereon was denied. We find no error as to that ruling since there was evidence that the monthly checks for those services were actually payable to the defendant. His emergency room services were to be considered as a part of his earnings and were to be applied against his guaranteed monthly income of $6,000. The evidence was in such a state that the trial court could have legitimately decided that the defendant would be unjustly enriched if a judgment were entered in his favor on his counterclaim, for in that regard the trial court could have found that the defendant received the proceeds from the checks, or that he received the benefit therefrom through his guaranteed income, or that waiver applied to that portion of the case.
We find no error as to the foregoing two issues.
Ill
The defendant contends that section 94 as amended by amendment 112 of Alabama’s constitution prohibited the $6,000 loan of tax money to the defendant by the city and that the note is void and cannot be collected from him on that account. On the other hand, it is argued by the hospital that it is a public corporation, that it is not a political subdivision of the city or state within the meaning of section 94 of the constitution, as amended, and that the loan was, therefore, valid.
The evidence upon the legal status of the hospital was most sketchy, and it is not possible to determine from the evidence whether the hospital is a separate, independent, legally authorized hospital corporation or association or whether the hospital is simply the city itself doing business as the hospital. Its organization does not appear. The hospital’s organizational status determines whether the loan to the defendant was in violation of section 94 as amended. Since it is impossible to determine that status from the record; the proper course is to remand this cause to the trial court to take additional evidence and to make a specific determination of the exact legal organizational status of Red Bay Hospital and to transmit to this court within ninety days from this date a report of such determination, together with a transcript of the additional evidence taken. Upon the receipt thereof, this court will further consider this issue. Cotton States Mutual Insurance Co. v. Conner, 387 So.2d 125 (Ala.1980).
*832 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18~10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REMANDED IN PART WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.
WRIGHT, P.J., concurs in parts I and II, but dissents in part III only insofar as it directs additional testimony to be taken and returned to this court.
AFTER REMAND
EDWARD N. SCRUGGS, Retired Circuit Judge.
Further evidence was presented ore terms before the circuit court after remand. Thereafter, in the final judgment of the trial court, it was determined that the hospital is not a public corporation, that the hospital is simply the City of Red Bay itself, doing business as the hospital, and that the $6,000 loan of tax money to the defendant by the City of Red Bay and the note evidencing the loan are void and cannot be collected from the defendant due to the provisions of section 94, as amended, of the Alabama Constitution. Accordingly, a judgment was rendered and entered on May 12,1986, in favor of the defendant and against the hospital.
We have diligently studied the evidence and the excellent briefs of most able counsel for both sides. The final judgment of May 12, 1986, is affirmed since the evidence supported it and since said constitutional provision applies.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
JUDGMENT AFTER REMAND AFFIRMED.
All the Judges concur.